LEWIS L. WHITMAN, administrator, *vs.* HARVEY PORTER & others.

The subscribers of an agreement to purchase and run a ferry boat, to be owned by them in proportion to the amounts set against their names, the toll to be applied to pay ex-penses, and any balance to be divided among them *pro rata*, each subscriber to have the right to sell his stock, the purchaser to have all the rights of an original subscriber, and the association to continue as long as the majority of the subscribers shall determine, are partners; one of them can maintain a bill in equity against all the others within the ju-risdiction of the court to compel them to contribute to sums paid by him, although not at their request, for the use of the association; and the amount of the liability of the de-fendants is to be determined by an apportionment among them of the amount paid, without regard to subscribers out of the jurisdiction.

BILL IN EQUITY filed by the administrator of the estate of Lyman Whitman against Harvey Porter and fourteen others, to compel contribution to amounts paid by the plaintiff's intestate

for the use of the Agawam Ferry Company. The case was referred to a master ; was reserved on the pleadings and his report, by *Colt*, J., for the determination of the full court; and in substance was as follows :

The plaintiff's intestate, the defendants, and seven other persons, who were not inhabitants of this Commonwealth, subscribed a written agreement for the purpose of purchasing and running a ferry boat between Agawam and Springfield, " the same to be owned by the subscribers in proportion to the amounts set against their names, and to be held, run and managed " according to terms of which the following are the material : The boat to be conveyed to one of the subscribers in trust ; three officers and three trustees to be chosen annually, to have the entire management and control of the ferry, regulate the running thereof, and employ all the assistance necessary therefor ; " money received from the ferry to be applied first to the payment of necessary expenses, balance to be divided among the subscribers *pro rata ;* " any subscriber to have the right to sell his stock by any proper writing, and the purchaser to be entitled to all the rights of original subscribers ; " the name of. the association to be ' The Agawam Ferry Company,' and to continue so long as a majority of the subscribers determine, and whenever a majority in' number and value shall so decide, at a meeting called for that purpose, the ferry and property to be sold, the proceeds applied to the payment of any debts, and the balance divided *pro rata.*"

The subscribers purchased a ferry and ferry boat and ran it according to the agreement; and the trustees, of whom the plaintiff's intestate was not one, borrowed money for the use of the association on their individual notes. When these notes matured, the association had no funds to pay them, and the plaintiff's intestate, although not requested by the association, took them up ; and afterwards the plaintiff's intestate, with the consent of the trustees, took charge of the ferry and ran the boat, and the expenses incurred in so doing exceeded the receipts. The plaintiff claimed contribution towards a sum made up of the amount paid by his intestate on the notes and of the balance of the expenses incurred by him over the receipts ; and contended that he could

recover from the defendants as if they were alone liable, without regard to associates living out of the Commonwealth.

*C. A. Winchester*, for the plaintiff. `

*H. Morris*, for the defendants. The payments by the plaintiff's intestate were voluntary, and he has no remedy for them against the defendants. *Bowman* v. *Blodgett*, 2 Met. 308. *Winsor* v. *Savage*, 9 Met. 346. *Andrews* v. *Callender*, 13 Pick. 484.

CHAPMAN, C. J. The association between the proprietors of the ferry boat was in substance a partnership. The debts were contracted and the notes were given for the benefit of the company. As between themselves, they were ultimately liable in proportion to their interests. But as to creditors, each was liable for the whole. The case is therefore unlike that of *Andrews* v. *Callender*, 13 Pick. 484, cited by the defendants' counsel; for in that case the debt was due from a corporation in which the parties were stockholders, and their liability was merely under existing statutes. Nor is it like the case of *Winsor* v. *Savage*, 9 Met. 346, cited by the defendants, for there the plaintiff paid the defendant's debt without request, being in no way liable for it.

We do not think the payment by the plaintiff's intestate belongs to the class of voluntary payments of another's debt by a stranger to it.

A bill in equity is the proper remedy for contribution; and when some of the parties mutually liable are insolvent or have removed without the jurisdiction of the court, the plaintiff may recover in equity a contribution for the whole from the parties who remain. *Cary* v. *Holmes*, 16 Gray, 127.

*Decree for the plaintiff, with costs.*