### LIQUID CARBONIC CO. v. SULLIVAN et al.

No. 13746—Opinion Filed Sept. 30, 1924.

1. **Partnership — Express Trust — Distinction.**

An instrument providing for the holding of property by trustees for the owners of assignable certificates, representing the beneficial interest in the property, may create a trust, or it may create a partnership, dependent upon the way in which the trustees are to conduct the affairs committed to their trust. If they act as principals and are free from the control of the certificate holders, a trust is created, but if they are subject to the control of the certificate holders. it is a partnership.

2. **Same—Partnership Relation.**

Where a declaration of trust authorizes the association of the certificate holders in annual and special meetings with the specified powers of electing the trustees annually. of altering or amending the declaration of trust in every particular except as to the liability of the trustees, or prohibiting the issuance of additional shares to acquire additional money to carry out the purposes of the trust and of terminating the trust at will. a partnership, and not a trust, is created.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by Liquid Carbonic Company, a corporation, against F. J. Sullivan, W. A. Goodner, George Kendall, T. H. McCay, and Young O. Mitchell. Judgment for defendants, and plaintiff appeals. Reversed with directions.

A. K. Swann, for plaintiff in error.

West & Petry, for defendants in error.

Opinion by RAY, C. The question to be decided is whether the petition of plaintiff states facts sufficient to constitute a cause of action. The only question presented by the briefs of the parties arises upon the interpretation of a written instrument, made an exhibit to the petition, designated as a "Declaration of Trust." The question is, Did the written instrument create a trust or did it create a partnership? If the written instrument created a trust, the demurrer was properly sustained; if a partnership, the judgment must be reversed.

The defendants undertook to associate themselves, together with others, in the form of a trust under the provisions of chapter 16, Session Laws 1919, being sections 8465, 8466, 8467, and 8468, Comp. Stat. 1921, for the purpose of engaging in the general manufacturing and bottling business, compounding, mixing, and manufacturing of cola, syrups, etc., and to market the same, and generally to do whatever was necessary to successfully carry on that business. To that end they executed the agreement in question.

It is suggested in the brief of plaintiff in error that this was an attempt upon the

part of the defendants to create what is known as a common law trust. Whether it was the purpose to create the trust under the common law, or under the statute, or under the right of the parties to contract, is not material. Whether the one or the other, the same rules for determining whether the instrument created a trust or a partnership are applicable. The principal distinguishing feature of a trust is that the legal title is in the trustee with equitable, or beneficial, right in another, but with full power to control and manage the trust property as owner without direction or interference from the beneficiary.

The distinction between a trust and a partnership is clearly pointed out in Frost v. Thompson (Mass.) 106 N. E. 1009:

"A declaration of trust or other instrument providing for the holding of property by trustees for the benefit of the owners of assignable certificates representing the beneficial interest in the property may create a trust or it may create a partnership. Whether it is the one or the other depends upon the way in which the trustees are to conduct the affair committed to their charge. If they act as principals and are free from the control of the certificate holders, a trust is created; but if they are subject to the control of the certificate holders, it is a partnership."

This distinction has been recognized in the following cases: Home v. Chmielinski, (Mass.) 130 N. E. 56; Horgan v. Morgan, (Mass.) 124 N. E. 32; Priestly v. Burrill, (Mass.) 120 N. E. 100; Dana v. Treasurer and Receiver General (Mass.) 116 N. E. 941; Williams v. Boston (Mass.) 94 N. E. 808; Ricker v. American Loan and Trust Co. (Mass.) 5 N. E. 284; Hoadly v. County Commissioners of Essex, 105 Mass. 519; Whitman v. Porter, 107 Mass. 522; McCamey v. Hollister Oil Co. (Tex.) 241 S. W. 689; Williams v. Milton (Mass.) 102 N. E. 355; Mayo v. Moritz (Mass.) 24 N. E. 1083; Rice v. Rockefeller (N. Y.) 31 N. E. 907; Crocker v. Malley, 249 U. S. 223, 63 L. Ed. 573, 39 Sup. Ct. Rep. 270.

"Where the trustees hold title to all property and are free from the will of the beneficiaries, then a trust is created; but if the beneficiaries have the power to remove a trustee or in any way control his action in so far as he is fulfilling his duty as trustee, then a partnership is created." Dunn, Business Trusts, p. 230.

The applicable sections of the statute are as follows:

"Section 8465. Express trusts may be created in real or personal property or both, with power in the trustee, or a majority of the trustees, if there be more than one, to receive title to, hold, buy, sell, exchange, transfer and convey real and personal property for the use of such trust; to take, receive, invest or disburse the receipts, earnings, rents, profits or returns from the trust estate; to carry on and conduct any lawful business designated in the instrument of trust, and generally to do any lawful act in relation to such trust property which any individual owning the same absolutely might do."

"Section 8466. No such express trust shall be valid unless created, first, by a written instrument subscribed by the grantor or grantors duly acknowledged as conveyances of real estate are acknowledged, and recorded in the office of the county clerk of each county wherein is situated any real estate conveyed to such trustee, as well as in the county where the principal property is located or business conducted; or, second, by a will duly executed, as required by the law of the state. Such express trust shall be limited in the duration thereof either to a definite period of the life or lives of the beneficiary or beneficiaries thereof. The instrument creating the trust shall specify the period of duration thereof within the limitations herein provided."

"Section 8467. Instruments creating express trusts may provide for succession to any trustee, in case of the death, resignation, removal, or incapacity of such trustee. In case of any such succession, the title to the trust property shall at once vest in the succeeding trustee."

"Section 8468. Liability to third persons for any act, omission, or obligation of a trustee or trustees of an express trust when acting in such capacity, shall extend to the whole of the trust estate held by such trustee or trustees, or so much thereof as may be necessary to discharge such liability, but no personal liability shall attach to the trustee or the beneficiaries of such trust for any such act, omission or liability."

It will be observed that these sections (chapter 16, Session Laws of 1919) authorizing the creation of trusts, empower the trustee to do any lawful act in relation to the trust property which any individual owning the same absolutely might do. The trust must be created by written instrument and limited in duration to a definite period of time, not to exceed 21 years, or to the period of the life or lives of the beneficiaries, and the instrument creating the trust shall specify the period of duration within the limitation provided. Section 8467 provides for the succession to any trustee in case of death, resignation, removal, or incapacity of trustee.

The instrument in question, by its terms, would create a trust according to the above cited authorities and under the statute, except for the power of control reserved

by the instrument to the shareholders, and the restrictions upon the power of the trustees to control the trust property, as owners, contained in the following provisions of the instrument: ..

"Witnesseth: That whereas the Subscribers propose to transfer, assign and deliver to the Trustees, under the designation of Sherry-Coke Company, certain property detailed and described as follows, towit: One certain designation or trade known as Sherry Coke Company, together with formulas for compounding, mixing, manufacturing and bottling soda and other non-intoxicating drinks and beverages; all as more fully appears and is shown and identified in a schedule identified by the signatures of the parties hereto in papers or properly executed and filed with the trustees; and for the purpose of defining the interest of the subscribers and their assigns in such properties, have agreed to issue to the subscribers negotiable certificates for twenty-five thousand (25,000) shares, each share to be expressed of the par value of $10, all of which shares shall be common, and all of said shares to be issued to the subscribers in the following proportions, towit.

"F. J. Sullivan_____ 1,000 shares
"W. A. Goodner,_____ 100 shares
"George Kendall,_____ 100 shares
"T. H. McCay,_____ 100 shares
"Young O. Mitchell,_____ 10 shares

"And all remaining and unissued shares shall be held by the trustees in trust for the use and benefit of the trust.

### "Section 11.

"* * * But the trustees may from time to time, for the purpose of acquiring additional monies for the acquisition of additional property or otherwise accomplishing the purposes of this trust, with the consent of at least two-thirds of the share holders, preferred and common, present and voting at any meeting called for that purpose, issue and dispose of such additional shares, upon such terms in such manner as the share holders at such meeting may determine."

### "Section 13.

"(a) The fiscal year of the trustees shall end on the 31st day of December of each succeeding years. The annual meeting for the election of trustees shall be held in the city of Tulsa, Okla. on the first Monday of January of each year, unless such day fall on a legal holiday, and then in that event such meeting shall be held on the first Monday thereafter.

"(c) At all meetings of the share holders each holder of shares shall be entitled to one vote for each share held by him, and any share holder may vote by proxy.

"(e) Special meetings of the share holders shall be called at any time upon ten days

notice given as aforesaid, when ordered by the Trustees.

"(g) The notice and call for all meetings herein provided to be given may be waived by the written assent of two-thirds of all of the issued shares, and at such meeting any business may be transacted which may have been transacted upon call and notice given as herein provided."

### "14.

"(a) This trust shall continue from the date hereof for a period of twenty (20) years, at which time the then board of trustees shall proceed to wind up its affairs, liquidate its assets and distribute the same among the holders of the shares, according to the values and priorities therein expressed provided, however, that if, prior to the expiration of said period, the holders of at least two-thirds of the shares then outstanding shall at a meeting called for the purpose, vote to terminate or continue this trust, then said trust shall either terminate or continue in existence for a further like period, or such shorter period as may then be determined.

"(c) This agreement and declaration of trust may be altered or amended, except as regards the liabilities of the trustees, at any annual or special meeting of the share holders, with the consent of the holders of at least two-thirds of the shares then outstanding, provided notice of the proposed alteration or amendment shall have been given in the call for the meeting, or such call and notice of such meeting shall have been waived by the holders of at least two-thirds of the shares then outstanding, and in case of said alteration or amendment the same shall be certified by the chairman of such meeting, and countersigned by at least one of the then Trustees and shall be attached to and made a part of this agreement, and a copy thereof shall be filed with the recorder of deeds or other official where this instrument has been filed."

It will be observed that the declaration of trust, by the above quoted provisions, authorizes shareholders to associate themselves together in annual and special meetings and to share with the trustees the management and responsibility of the trust business: First; by the annual election of trustees; second, by altering or amending the declaration of trust in any particular except as to the liabilities of the trustees; third, by restricting or prohibiting the issuance of additional shares by the trustees for the purpose of acquiring money for the acquisition of additional property or otherwise accomplishing the purpose of the trust; and, fourth, by terminating the trust at will.

We think the instrument in providing for the associating of the shareholders in annual and special meetings with designated

powers of electing trustees annually; of altering or amending the declaration of trust at any annual or special meeting in every particular except as regards the liability of the trustees; of restrictng or prohibiting the issuance of additional shares by the trustees for the purpose of acquiring additional money for the acquisition of additional property or otherwise accomplishing the purpose of the trust; of terminating the trust at will before the duration fixed in the declaration of trust, reserved powers in the shareholders inconsistent with that full and complete control and management of the trust property necessary to the creation of a pure trust, and, in conflict with the requirements of the statute that the trustees shall have power "generally to do any lawful act in relation to such trust property which any individual owning the same absolutely might do." This written instrument created a partnership and not a trust.

The judgment should be reversed, with directions to set aside the judgment and overrule the demurrer.

By the Court: It is so ordered.