·Central National Bank, Trustee for Jacob Perkins, et al., Peti-
tioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 28701.    Promulgated April 13, 1932.

*D. J. Needham, Esq.*, for the petitioner.
*J. R. Johnston, Esq.*, for the respondent.

1124

## OPINION.

VAN FOSSAN: The question for determination is whether or not the income for the taxable years ended May 31, 1923, and May 31, 1924, is taxable to the petitioner. The respondent determined that the trust herein involved "is a discretionary trust" and that the income is, therefore, taxable to the trustee in accordance with article 342 of Regulations 62 and 65. The respondent concedes in his brief, however, that the theory that "the trust as a taxable entity under section 219 of the Revenue Acts of 1921 and 1924 could be taxed for income distributed to the so-called beneficiaries is questionable under the most recent rulings and decisions applicable."

The respondent thereupon departed from the theory originally advanced and now contends that the petitioner is a trustee of the Edgewater Land Company, a dissolved corporation, pursuant to section 8742 of the Ohio General Code; that, therefore, under the provisions of section 239 (a) of the Revenue Acts of 1921 and 1924 and article 622 of Regulations 62 and 65, it should have filed returns for that corporation covering the taxable years in question in the same manner and form as corporations are required to make return; and that, consequently, income determined on the basis of such return is taxable to the petitioner. While respondent was within his rights in advancing a new theory on which to predicate liability, we are unable to concur in his contentions.

Article 8742 of the General Code of Ohio is as follows:

*Trustees to Settle Affairs of Corporations.*—Upon the dissolution of a corporation by the expiration of the term of its charter, or otherwise, and unless other persons be appointed by the legislature, or by the stockholders, directors, or trustees of the corporation, or by a court of competent authority, the directors, trustees, or managers of the affairs of such corporation, acting last before the time of its dissolution, by whatever name known in law, and their survivors, shall be the trustees of the creditors and stockholders of the dissolved corporation, and have full power to settle its affairs, collect and pay outstanding debts, and divide among the stockholders the money and other property remaining, in proportion to the stock of· each stockholder paid up, after payment of debts and necessary expenses.

Section 239 (a) of the Revenue Act of 1921 and section 239 (a) of the Revenue Act of 1924 are identical, and provide:

That every corporation subject to taxation under this title and every personal service corporation shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer or assistant treasurer. If any foreign corporation has no office or place of business in the United States but has an agent in the United States, the return shall be made by the agent. In cases where receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations, such receivers, trustees, or assignees shall make returns for such corporations in the same manner and form as corporations are required to make returns. Any tax due on the basis of such returns made by receivers, trustees, or assignees shall be collected in the same manner as if collected from the corporations of whose business or property they have custody and control.

Article 622 of Regulations 62 and 65 reads:

*Returns by receivers.*—Receivers, trustees in dissolution, trustees in bankruptcy, and assignees, operating the property or business of corporations, must make returns of income for such corporations on Form 1120, covering each year or part of a year during which they are in control. Notwithstanding that the powers and functions of a corporation are suspended and that the property and business are for the time being in the custody of the receiver, trustee, or assignee, subject to the order of the court, such receiver, trustee, or assignee stands in the place of the corporate officers and is required to perform all the

duties and assume all the liabilities which would devolve upon the officers of the corporation were they in control. A receiver in charge of only part of the property of a corporation, however, as a receiver in mortgage foreclosure proceedings involving merely a small portion of its property, need not make a return of income. See Articles 424 and 548.

It is to be observed that section 239 (a) makes no reference whatever to trustees in dissolution. Even though it should be assumed that the phraseology of section 239 (a) is broad enough to include trustees in dissolution within the requirements of the section, we are of the opinion, nevertheless, that the provisions of that section and of article 622 of Regulations 62 and 65 are not applicable to this proceeding. The stipulated facts do not show that the petitioner is a trustee operating the business of the Edgewater Land Company but, on the contrary, discloses that it is a trustee by virtue of a contract entered into by it with persons who were already, in effect, the owners of certain property as a result of the declaration of a liquidating dividend in kind distributable among the stockholders of the Edgewater Land Company. By reason of the assignment to it of the whole of the liquidating dividend and the conveyance and transfer to it of the assets comprised in that dividend the petitioner, as a trustee, became charged, under the provisions of the contract, with the duty of liquidating the assets transferred and conveyed to it and of distributing the proceeds thereof in accordance with the terms of the agreement. That the petitioner in so acting as a trustee was not acting on behalf of the dissolved corporation, is in our opinion established by the facts.

It appears that on June 3, 1921, the date of the agreement, the charter of the Edgewater Land Company was about to expire by limitation of time. It is stipulated in substance, among other things, that all the facts set forth and contained in the agreement of June 3, 1921, may be fully considered for the purposes of this proceeding " the same as though original proof thereof had been produced at the time of the hearing." It may, therefore, be taken as a fact proved at the hearing that at the date of the execution of the agreement " the Edgewater Land Company had declared a liquidating dividend of all its remaining assets " which dividend was distributable among its stockholders. It was also stipulated that " the great bulk of the assets " comprising the liquidating dividend could be transferred only in kind and that it was deemed advisable to concentrate them in some agency for convenience in their collection, care, management and distribution. Thereupon the persons entitled to possession of the assets of the Edgewater Land Company assigned all their interest in the liquidating dividend to the petitioner as such an agency, and the Edgewater Land Company, at the request of such persons, transferred and conveyed to the petitioner in kind the

assets constituting the liquidating dividend. By so doing the corporation paid and distributed among its stockholders the liquidating dividend in kind declared by it as completely and as effectively as though the distribution had been made directly to and among the stockholders themselves. Legal title to the liquidating dividend and to the assets comprising it thus became vested in the petitioner.

It does not appear that at the time of the transaction referred to the Edgewater Land Company had any ordinary commercial debts. It does appear, however, that certain local and Federal taxes had become payable or might become payable. Whatever disposition of the assets was made, such taxes would be either liens upon the real estate forming a part of the property conveyed in payment of the liquidating dividend, or could be collected from the transferee or transferees of that property. Provision for their payment was therefore made in the agreement of June 3, 1921.

It is our opinion that the terms of section 8742 of the Ohio General Code, hereinbefore quoted, do not alter or modify the trust relationship existing between the petitioner and the other parties to the agreement of June 3, 1921. Moreover it does not appear nor does it follow from the facts that the petitioner was a trustee of a dissolved corporation such as is referred to in article 622 of Regulations 62 and 65. Section 8742 of the Ohio General Code provides a means for settling the affairs of a dissolved corporation. There is nothing in the facts or in the agreement of June 3, 1921, which shows that it was the intention of the parties to the agreement that the petitioner should settle the affairs of the Edgewater Land Company after the expiration of that company's charter. There is no provision that the petitioner, as trustee, might sue or be sued in the name or on behalf of the Edgewater Land Company, nor is there any provision authorizing the petitioner to do or perform anything whatsoever for, in behalf of, or in the name of the Edgewater Land Company or to do or to perform any act or acts which should be done or performed by the officers of that company were they in control. It is in this connection that this proceeding is distinguishable from *Taylor Oil & Gas Co. et al.*, 15 B. T. A. 609; 47 Fed. (2d) 108, which is cited by the respondent. In that proceeding we said:

* * * Here the question is whether a sale of the property of the corporation (the proposal and specific offer for such sale having been definitely made to the board of directors of the corporation before its dissolution, but the sale having been consummated after the filing of the necessary certificates of dissolution with the Secretary of State of the State of Texas within the three-year period after dissolution allowed by law "for the purpose of enabling those charged with the duty to settle up its affairs") was in fact and in law a sale by such corporation or by its creditors and stockholders through their trustees, and we hold that it was a sale by the corporation.

1130

In *Taylor Oil & Gas Co.* we pointed out that the corporation was dissolved as a result of a resolution adopted by its stockholders and that by such resolution the directors were appointed as liquidating trustees *for the corporation* " with full power to settle its affairs " and that they were authorized as such trustees to sell, transfer and convey the corporation's properties " in the name of said Taylor Oil & Gas Co." The facts in the present proceeding are essentially different from those of the *Taylor Oil & Gas Co.* case and the conclusions reached in that proceeding are not here applicable.

The petitioner was a trustee by virtue of the agreement of June 3, 1921, for the purpose of liquidating property for the benefit of the parties named in said agreement. The income of the trust is therefore taxable under the provisions of section 219 of the Revenue Acts of 1921 and 1924.

It is clear from the provisions of the agreement of June 3, 1921, that the income of the trust was distributable at the discretion of the trustee and might be accumulated. It has been held in a long line of decisions that in such case the income actually distributed is taxable to the beneficiaries of the trust and that income undistributed is taxable to the trustee. *William E. Scripps et al., Trustees*, 1 B. T. A. 491; *Mary L. Barton, Trustee*, 5 B. T. A. 1008; affd., *Blair* v. *Barton*, 26 Fed. (2d) 765; *John D. Rogers, Trustee*, 16 B. T. A. 368; *Ordway* v. *Willcuts*, 12 Fed. (2d) 105; 19 Fed. (2d) 917; *Edward J. Lehmann et al., Trustees*, 21 B. T. A. 664.

There is no dispute between the parties herein as to the taxable income for the respective years. It does not appear from the facts whether or not the taxable income for the fiscal year ended May 31, 1923, was distributed. It does appear, however, that taxable income in the sum of $24,050.46 was distributed in the fiscal year ended May 31, 1924. It also appears that in the latter year there was additional taxable income amounting to $2,000.03. In accordance with the foregoing the income actually distributed is taxable to the beneficiaries of the trust and the amount of the income undistributed is taxable to the petitioner.

*Decision will be entered under Rule 50.*