**STATE v. PRAIRIE COTTON OIL CO.**

No. 26624.    Sept. 14, 1937.

Rehearing Denied Oct. 5, 1937.

Bob Shelton, County Atty., and R. W. Stoutz, Associate Counsel, for plaintiff in error.

Melton & Melton, for defendant in error.

GIBSON, J. This is a tax ferret proceeding from the county court of Grady county wherein the state is attempting to assess for taxation certain alleged omitted property of the Prairie Cotton Oil Company, an alleged business trust.

The property is described as cash on hand or in bank, accounts, accounts receivable, bills receivable, and all other property not heretofore assessed and on hand on the first day of January of the years 1922 to 1932, both inclusive, and of the value of $100,000 for each of said years.

The court sustained a demurrer to the state's evidence offered in support of its cause for each of the years named, except as to the items of notes and accounts owned by defendant on January 1, 1928. The taxpayer, after resting its case on the latter items, moved for judgment. Judgment was thereupon rendered against the state and in favor of the taxpayer for each of the afore-said years, and the state has appealed. The state and the taxpayer will be hereafter referred to as plaintiff and defendant, respectively.

Defendant has moved to dismiss the appeal for want of jurisdiction in the county court by reason of certain alleged constitutional inhibitions. This question has been decided adversely to defendant's contention in Chickasha Cotton Oil Co. v. Grady County, 177 Okla. 240, 58 P. (2d) 590.

Plaintiff assigns as error the action of the court in denying its motion for examination of defendant's books and records for the purpose of discovering evidence in support of its cause as provided in section 317, O. S. 1931.

In State v. Chickasha Milling Co., 180 Okla. 611, 71 P. (2d) 981, we had under consideration a like question involving a motion in all essential respects the same as the one now before us. It was there held that the trial court properly denied the motion. That decision is controlling of this particular question, and paragraphs 1, 2, and 3 of the syllabus of that case are adopted here.

Error is charged to the court's ruling on the aforesaid demurrers and to its rendition of judgment against plaintiff on the merits.

It is the apparent theory of the plaintiff that the defendant should be assessed on the value of its moneyed capital, surplus, and undivided profits as a corporation under section 12369, O. S. 1931. It is contended that defendant is required by section 12372, O. S. 1931, to make annual return of its assets to the assessor, with description of the property and its value, for the purpose of assessing it on the value of its moneyed capital, surplus, and undivided profits as in the case of corporations. While the defendant did make annual returns in due time, it did not render the same in corporate form as required by section 12372, supra.

Plaintiff succeeded in showing that the value of defendant's assets on the first day of January of each year was in excess of that revealed to the assessor.

It is apparently the contention of the plaintiff that, since it has shown that the defendant did not reveal the actual value of its assets to the assessor, it would follow that the excess value was not considered by the assessor when completing the assessment, and that under the rule announced in State v. Rorabaugh-Brown Dry

Goods Co., 172 Okla. 216, 45 P. (2d) 488, it had established a prima facie case against defendant for the assessment of such excess value as omitted property.

If this contention were correct, it would apply as well to an individual taxpayer as to a corporation.

The assessments here were not arbitrary assessments, as was the circumstance in the Rorabaugh-Brown Case, supra. This question of assessing excess value was dealt with in State v. Chickasha Milling Co., supra, this day decided, and that decision is controlling of the question. Unless the state can point to particular property not considered by the assessor when making an assessment in bulk without accurate description of the property, it fails to establish a prima facie case against the taxpayer. (See State v. Chickasha Milling Co., supra.)

With the exception of certain cash on hand or in bank, plaintiff failed to point with any degree of certainty to any property that had not been considered by the assessor when making the assessments for the respective years. As to the items other than cash, the trial court properly sustained defendant's demurrers to plaintiff's evidence; and as to the items of notes and accounts, upon which the issues were fully tried, the judgment of the court is sustained by the weight of the evidence.

The defendant in the instant case is a business trust organized pursuant to sections 11820-11823, O. S. 1931. It is not a corporation, company, association, or joint stock company having powers not possessed by an individual within the purview of sections 1 and 18B, art. 9, of the Constitution, and is, therefore, not a corporation within the meaning of the tax statutes, sections 12369, 12372, O. S. 1931. The evidence shows that its affairs are conducted by three trustees who employ a manager subject to their own supervision. The trustees are subservient to no one. It is therefore not a joint stock company. Earlsboro Gas Co. v. Brown Drilling Co., 175 Okla. 320, 52 P. (2d) 730. Aside from the fact that it has a trade-name in which it may sue or be sued, it has no rights under the law that an individual does not possess. See Liquid Carbonic Co. v. Sullivan, 103 Okla. 78, 229 P. 561. That fact alone is insufficient to warrant its classification as a corporation. Its property is assessable for taxation in the same manner as that of any individual.

Whether the defendant is to be assessed as a corporation or as an individual is of little importance in the instant case. It made no attempt to have its property assessed as moneyed capital, surplus, and undivided profits, but merely rendered its property more or less in bulk, showing the amount of cash, the aggregate value of its mortgages, notes, credits, and accounts, and the average value for the preceding year of capital employed in manufacturing, in the way of machinery, material, appurtenances, and manufactured goods. Whether it was a corporation or an individual for the purposes of taxation, if the assessor considered all its property when making the assessment, including its cash, then there was no omitted property within the meaning of the ferret statute. That not considered would constitute omitted property.

The evidence shows that in 1922 the defendant reported its cash separately and that it had on hand a sum in excess of the amount reported and assessed. It is further shown that for the years 1923 to 1927, inclusive, defendant reported its cash, mortgages, notes, and accounts together at an aggregate value less than the amount of cash on hand at the beginning of each of said years. Cash in excess of the amount reported and assessed constitutes omitted property. State v. Chickasha Milling Co., supra. The trial court erred in sustaining the demurrers to the evidence as to omitted cash for the years named. Any excess of cash not assessed for the years 1922 to 1925, inclusive, is subject to ad valorem taxation. The excess for 1926 and 1927 is subject to taxation at the rate of one-fifth of 1 per cent. as provided in chapter 72, S. L. 1927, sections 12339-12344, O. S. 1931.

Defendant reported its money separately for taxation under the special money statute, sections 12339-12344, supra, for the years 1928 to 1932, both inclusive. The evidence shows it possessed excess cash over the amount reported for 1928, 1929, and 1932. Demurrer to the evidence on these items should have been overruled.

Plaintiff vigorously questions the constitutionality of the special money statute. The statute has been sustained as constitutional. In re Diehr, 174 Okla. 300, 50 P. (2d) 725. See, also, State v. Chickasha Milling Co., supra.

Plaintiff complains of certain alleged incompetent evidence offered by defendant. The argument is supported by no cited authority, and is not sufficiently plausible, without further research, to overcome the presumption of the correctness of the trial court's ruling thereon. In such case the assignment will not be noticed. Wilkerson v. Wilkerson, 169 Okla. 232, 36 P. (2d) 935.

The judgment sustaining demurrer to the evidence relating to the item of omitted money for the years above mentioned is reversed and the cause remanded for a new trial on that issue alone for each of said years. In all other respects the judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. RILEY, J., absent.