OKLAHOMA-TEXAS TRUST v. OKLAHOMA TAX COMMISSION.

No. 32003. Feb. 5, 1946.

Rehearing Denied May 7, 1946.

*168 P. 2d 607.*

Keaton, Wells & Johnston, of Oklahoma City, (Geo. E. H. Goodner and Scott P. Crampton, both of Washington, D. C., of counsel), for plaintiff in error.

E. L. Mitchell and C. W. King, both of Oklahoma City, for defendant in error.

WELCH, J. This is an appeal from an order of the Oklahoma Tax Commission denying the application for refund of income taxes which plaintiff had paid at corporation rates for the years 1940, 1941, and 1942.

The issue is presented here on the merits. No procedural question is involved. The one question presented is whether plaintiff was properly taxed as a corporation, or is taxable as an individual. In the latter event plaintiff is entitled to recover full refund.

The question turns on a construction of the statute. Does 68 O. S. 1941 § 874 apply or is the later section 884 of the same title applicable to plaintiff? The Tax Commission held to the former, denied the latter, and denied any refund.

In material substance section 874, supra, provides as follows:

"(d) The term 'corporation' means an organization (other than a partnership as hereinafter defined) created or organized under the Laws of Oklahoma or by virtue of creation or organization under the Laws of the United States or of some State, Territory or District or a foreign country. The term 'corporation' shall include:

"(1) Associations, joint stock companies, insurance companies, (including surety and bond companies);

"(2) Common law or statutory trusts (except as provided by subsection 13 (D) of this Act), and all other business organizations or entities (ex-

cept partnerships as defined in subsection (f) of this Section) where the business is conducted by a trustee or trustees, or where the interest or ownership of the original beneficiaries in such business was acquired for a valuable consideration and is evidenced by certificate, declaration of trust or other written instrument."

And the material portion of section 884, supra, provides as follows:

"D. 1. The tax imposed by this Act on individuals shall apply to estates and trusts, which tax shall be collected and paid annually upon, and with respect to, the income of estates or of any kind of property held in trust including:

"(a) Income received by estates of deceased persons during the period of administration or settlement of the estate;

"(b) Income accumulated in trust for the benefit of unborn or unascertained person or persons with contingent interests;

"(c) Income held for future distribution under the terms of the will or trust;

"(d) Income which is to be distributed to the beneficiaries periodially, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct; and

"(e) Income of an estate during the period of administration or settlement permitted by subdivision three hereof to be deducted from the net income upon which the tax is to be paid by the fiduciary."

It is necessary to note the formation and structure of plaintiff as an entity, and to seek the legislative intent, to determine the tendered question.

The plaintiff was created as a legal entity by three individuals who associated themselves together to engage generally in the oil business under a lengthy formal declaration of trust duly executed and recorded in compliance with statutory requirements.

Thereafter plaintiff engaged extensively in the oil business under the stated name of "Oklahoma-Texas Trust," with a designated principal place of business in Oklahoma; with an official seal or authority to adopt an official seal; with a president, one or more vice presidents and a treasurer and secretary; with provision for the execution of instruments by the president and secretary, with the official seal when adopted; with limitation of liability to the property of the trust only; with one hundred seven thousand (107,-000) participating interests sold to investors at ten dollars each, evidenced by certificates of ownership, transferable on the books of the trust. The governing board called "trustees" was composed of the three individuals above referred to, with provisions for selecting successor trustees, for the holding of meetings, taking action by a majority, and provision as to their compensation.

As to the moneys of the association or trust, the primary purpose was to buy and own oil-producing properties, to be operated for income and profit; however, there was authority also to invest in government bonds.

As to the income it was to be used as follows: First, to pay operating expenses, fees and taxes; second, to be retained on hand as working capital and for anticipated expenditures in such sum as the trustees deemed reasonable and proper; third, to make interest payments to certificate holders monthly or quarterly at the trustees' direction; fourth, to pay 27½ per cent of the oil and gas sale receipts into a reinvestment fund; with the balance to be deposited in a capital retirement fund and so used until all retirement-of-capital coupons attached to participating certificates had been retired, thereafter such balance to be distributed to certificate holders monthly or quarterly in the discretion of the trustees.

There was provision for the keeping of accurate books and records, for diligence and good faith in manage-

ment and many details not needing further recital.

It is at once seen that the make-up or arrangement of plaintiff is much like that of a corporation. And, though it is not of controlling importance, the plaintiff paid the state's regular corporation license fees.

The exact question which controls decision here has not heretofore been presented to this court.

Of some persuasive authority is the decision of the United States Court of Appeals for the District of Columbia in Second Carey Trust v. Helvering, 126 Fed. 2d 526. There the court considered a declaration of trust identical in all material substance with the one here involved. It was there held that the trust entity was taxable as a corporation under the Federal Act which provides that "the term 'corporation' includes associations, joint stock companies, and insurance companies."

We think the above-quoted provision of the Oklahoma statute is the same in material substance and indicates the same legislative intent; however, there is some difference in verbiage.

In the Carey Trust Case, supra, the court held in part as follows:

"Where an organization has the characteristics as well as powers of a business trust, that is enough to make it an 'association' taxable as a 'corporation.' . . . Revenue Act 1934, sec. 801 (a) (2) 26 U.S.C.A. Int. Rev. Acts, page 790.

"Characteristics which distinguish a 'corporation' from a 'trust' for tax purposes are persons associated in carrying on a business enterprise, title to property in a continuing body, both opportunity and the exercise of centralized management, continuity of existence with ability to transfer interests without affecting continuity, and limited liability. Revenue Act 1934, sec. 1 et seq. 26 U.S.C.A. Int. Rev. Acts, page 664 et seq."

In Pensylvania Co., etc., v. United States, 138 Fed. 2d 869, it was held:

"The term 'association' for income tax purposes taxable as a 'corporation' embraces 'business trusts,' and what Congress did not intend to embrace within the term 'association' was a pure 'trust', that is a trust of traditional pattern where property is conveyed by will, deed, or declaration to a trustee or is to be retained by the settlor on specified trusts for a certain term for described persons. Revenue Act 1936, sec. 1001 (a) (2) and Revenue Act 1938, sec. 901 (a) (2) 26 U.S.C.A. Int. Rev. Acts, pages 971 and 1161; 26 U.S.C.A. Int. Rev. Code sec. 3797 (a) (3)."

"Where attributes of investment trusts were a continuing entity as holder of legal title to the trust res, centralized management through trustees, security from termination or interruption by death of owners of beneficial interests, facilitation of transfer of beneficial interests, and introduction of large numbers of participants without affecting continuity of the enterprise, and limitation of liability of participants to the property embraced in the undertaking, the trusts were 'associations' for income tax purposes, and hence taxable as 'corporations'. Revenue Act 1936 sec. 1001 (a) (2), and Revenue Act 1938, sec. 901 (a) (2), 26 U.S.C.A. Int. Rev. Acts, pages 971 and 1161; 26 U.S.C.A. Int. Rev. Code, sec. 3797 (a) (3)."

"Where investment trust device was adopted to facilitate distributors' sales of their trust shares among many small investors and participation by the beneficiaries as investors in trust shares through the medium of trustees was in the hope of a return by way of dividends and of gains through the possible enhancement in value of the trust shares, the trusts were 'associations' for income tax purposes, taxable as 'corporations'. Revenue Act 1936, sec. 1001 (a) (2), and Revenue Act 1938, sec. 901 (a) (2), 26 U.S.C.A. Int. Rev. Acts, pages 971 and 1161; 26 U.S.C.A. Int. Rev. Code, sec. 3797 (a) (3)."

In the body of that opinion we note these expressions:

"In the Morrissey case the Supreme Court listed five attributes afforded by corporate organization which, when

found in a trust, are sufficient to characterize it as an association within the meaning of the Revenue Act, viz., (1) a continuing entity as holder of the legal title to the trust res, (2) centralized management through the trustee, (3) security from termination or interruption by reason of the death of owners of beneficial interest, (4) the facilitation of the transfer of beneficial interests and the introduction of large numbers of participants without affecting the continuity of the enterprise, and (5) the limitation of the liability of participants to the property embraced in the undertaking. All of these attributes are to be found in the trusts here involved. . . ."

Then:

"The facts in the instant cases justify the conclusions that the trust device was adopted and has been used to facilitate the distributors' sales of their trust shares among many small investors whose net aggregated contributions are utilized by the trustee from day to day for that purpose and that the participation by the beneficiaries as investors in trust shares, through the medium of the trustee, is in the hope of a return by way of dividends and of gain through the possible enhancement in the value of the trust shares. Their participation can hardly be said to be for the achievement of the security and preservation of property ordinarily afforded by a trust."

In Commissioner v. Nebo Oil Co. Trust, 126 Fed. 2d 148, it was held:

"In determining whether a trust was taxable as an 'association' under statute defining the term 'corporation' as including associations, the test was resemblance to, not identity with, corporate organizations. Revenue Act, 1934, sec. 801 (a) (2), 26 U.S.C.A. Int. Rev. Acts, page 790.

"Where title to property held under a trust in oil leases was held by trustee during existence of trust, and provision was made for a successor-trustee, and centralized management was vested in trustee as representative of beneficial owners, and enterprise was secured from termination or interruption by death of any owner of a beneficial interest, and transfer of an entire beneficial interest could be made without affecting continuity of enterprise, and personal liability of beneficiaries, either for contract or tort, was limited to their beneficial interests in the trust, the trust had sufficient resemblance to a corporate organization so as to be taxable under the Revenue Act as an 'association'. Revenue Act 1934, sec. 801 (a) (2), 26 U.S.C.A. Int. Rev. Acts, page 790."

In Adkins Properties v. Commissioner, 143 Fed. 2d 380, the court in holding a trust to be an association stated:

"The trust served the same purposes as would an incorporation of the owners of the one-third interest. It is an association for an active business purpose, having the general characteristics and advantage of corporate organizations."

And we must keep in mind our own constitutional provision in article 9, sec. 1, that "as used in this article, the term 'corporation' or 'company' shall include all associations and joint stock companies having any power or privilege not possessed by individuals. . . ."

Upon analysis it does not seem too difficult to ascertain the legislative intent in adopting sections 874 and 884 quoted from in the earlier paragraphs of this opinion.

Section 884 refers to "estates and trusts", and since the trusts there referred to were included in the class with estates, it is apparent the Legislature there intended reference to pure trusts on account of, or taking notice of, the similarity of such trusts to estates.

In section 874 it is equally apparent that the Legislature intended to deal with corporations and the various kinds of organizations and associations referred to, on account of, or taking notice of, the similarity of such organizations and associations to the strict corporate entity.

Since estates and trusts as referred to in section 884 are more similar to

estates or properties of individuals than they are to corporations, it is easy to understand the classification of such estates and trusts along with individuals for income tax purposes. And since the various organizations and associations referred to in section 874 are more similar to corporate entities than they are to individuals, it is easy to rationalize their classification along with the corporations for income tax purposes.

It seems clear to us that when the Legislature provided in section 874 that the term "corporation" means an organization, other than a partnership created under provisions of law, including "associations," it was intended to include such an organization or association as the plaintiff here.

Immediately following in the act (sec. 874) is the provision in subsection 2 that the term "corporation" shall also include:

"(2) Common law or statutory trusts (except as provided by subsection 13 (D) of this Act), and all other business organizations or entities (except partnerships as defined in subsection (f) of this Section) where the business is conducted by a trustee or trustees, or where the interest or ownership of the original beneficiaries in such business was acquired for a valuable consideration and is evidenced by certificate, declaration of trust or other written instrument."

The absolute necessity of including such subsection 2 is not wholly apparent since the provision which we have noticed would seem probably to be sufficient to include all character of business trusts. However, we take it to be the purpose of subsection 2 to make it absolutely certain that business trusts are definitely in the classification of corporations for income tax purposes, but at the same time making it quite plain and certain by the first exception stated in parenthesis that pure trusts, likened to estates, specifically referred to in section 884, are excepted and left separate and apart from those "common law or statutory trusts" which

should certainly and definitely retain their classification along with corporations for income tax purposes.

It is thus demonstrated that by said subsection 2 the Legislature intended specific reference to common law or statutory trusts and all other business organizations or entities where the business is conducted by a trustee or trustees, or where the interest or ownership of the beneficiary is acquired for valuable consideration and evidenced by certificate of interest and participation. And when we refer to the declaration of trust by which the plaintiff entity was created and under which it operates, we are convinced that all organizations such as plaintiff are expressly included in the classification along with corporations for income tax purposes.

The plaintiff urges that the first exception noted in this subsection 2 is in effect an exclusion of plaintiff from such classification along with corporations, but from what we have said it appears that such contention is without substantial merit. That exception makes no reference to business trusts organized and operated upon the plan of plaintiff. That exception makes no specific reference to trusts of any kind. It reads "except as provided by subsection 13 (d) of this act" (thereby referring to section 884, D.1, above quoted in full). Thus the noted exception refers only to the "estates and trusts" which are dealt with in section 884, and are likened to individuals and classified with individuals for income tax purposes.

As we view it the plaintiff would construe this portion of section 874 as if it provided that "the term corporation shall include associations and common-law or statutory trusts, except statutory trusts." At least, that would be the effect of a holding by this court that this plaintiff is excepted from this classification along with corporations. The plaintiff is a statutory trust engaging in business and created for that purpose and is a business trust.

When we read the whole of subsection 2 of the section 874 and note the last several lines thereof, and observe that the business of plaintiff is conducted by trustees and that the individual interests or participation rights are acquired for a valuable consideration and evidenced by a certificate, we are left without any substantial ground to conclude that there was any legislative intent to except such organizations as plaintiff from the classification with corporations.

Plaintiff refers to that portion of section 884 which provides in effect as to estates and trusts that the income tax shall be collected upon (d) "income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct"; and plaintiff urges that such provision tends to support the contention that plaintiff is excepted from classification with corporations because of its plan for distribution of its income to the beneficiaries entitled thereto. It seems clear to us that such provision (d) is only one of five lettered provisions specifically setting out income from trusts or estates to be used as the guide to which to apply the rate of tax. Since the plaintiff is a business trust with beneficiaries who buy certificates of participating interests, of course the profits would be distributed to the beneficiaries. It is a fundamental purpose of the plaintiff to produce income and distribute it to its beneficiaries.

The administration of an estate of a deceased person or of the estate of a minor by guardianship is, of course, a species of trust management. This statutory provision (d) does make it plain that as to an income collected by guardian, whether held or distributed, it is subject to taxation, and the same is true as to income distributed to the beneficiaries of an estate, or similar trust, whether distributed periodically or not at regular intervals. In that provision we find no support for plaintiff's contentions here.

The plaintiff places some reliance upon our decision in State v. Prairie Cotton Oil Co., 180 Okla. 608, 71 P. 2d 988. However, upon analysis it is found that our question here was not involved in that case. There it was not necessary or of any importance to determine whether the business trust there involved was subject to ad valorem tax as an individual, or as a corporation, and the opinion so states.

The plaintiff cites Willcuts v. Ordway, 19 Fed. 2d 917, and Blair v. Barton, 26 Fed. 2d 765. In each of those cases there was involved a testamentary trust for the benefit of testator's heirs. In each case it was held, under a somewhat similar federal statute, that it was the legislative intent to let the tax follow the income received, and making it taxable to the respective individual beneficiaries and not to the trusts. Apparently that was such a trust as intended by our Legislature to be associated with estates in the aforesaid provision of our statute, section 884. Doubtless the rule of the Willcut and Blair Cases would apply in Oklahoma to similar testamentary trusts, but we can find no proper application of that rule to such a business trust as plaintiff.

Reference is made to the decision in City Bank Farmers Trust Co. v. Graves, 18 N. Y. Supp. 2d 596, but the fact situation there involved and the issues there presented are so different from the facts and questions here involved that such decision is not in point. And the same may be said as to the decision in Central National Bank Trustee, 25 B.T.A. 1123, 1130.

We conclude the Tax Commission was justified in its finding that plaintiff was included in the legislative classification with corporations for income tax purposes. We are satisfied that was the legislative intent as discernible from the entire act, and that no stated exception indicates a contrary

tent. We find no persuasive authority a different conclusion.

Affirmed.

RILEY, OSBORN, CORN, DAVISON, and ARNOLD, JJ., concur. GIBSON, C.J., and HURST, V.C.J., dissent.