**SMILEY, County Treas., v. SMITH, Trustee.**

No. 19854.    Opinion Filed April 14, 1931.

Byron Kirpatrick, Co. Atty., and Hugh Webster, Asst. Co. Atty., for plaintiff in error.

Ford & Montgomery and Harry H. Smith, for defendant in error.

HEFNER, J.    In this case it appears that the county of Tulsa, for the year 1927, assessed certain money belonging to the Mid-Continent Oil Company in the sum of $9,700 on an ad valorem basis. It is the contention of the company that the money should have been assessed at the rate of one-fifth of one per cent. as provided by section 2, chap. 72, Session Laws 1927. It paid the tax under protest and thereafter brought an action in the district court of Tulsa couny to recover the sum of $481.12, the difference between the tax assessed under the regular ad valorem rate and the amount due if assessed under the section of the act above mentioned. The case was tried on agreed statement of facts in which it was stipulated that if the Act of 1927 applied, then the plaintiff was entitled to recover the amount claimed. Judgment was rendered under the stipulation by the trial court in favor of the plaintiff.

The act in question was approved March 14, 1927. It carried with it an emergency clause, and therefore went into effect immediately upon its passage and approval. It is the contention of defendant that the act does not apply to levies made for the year 1927, and in support of this contention he cites numerous authorities announcing the rule that statutes are not to be given a retrospective effect unless apt language is used indicating that such was the intention of the Legislature. The answer to this contention is that we find such language in section 5, which provides:

"All property, in the classification contained herein, rendered for assessment for the year 1926, under the terms of chapter 120, of the Session Laws of 1925, shall be deemed to be omitted property and subject to assessment under the terms of this bill without penalty. Any such property which may have been assessed ad valorem for the year 1926, shall be stricken from the ad valorem assessment rolls and listed for taxation under the terms of this act."

The act was passed to cure a defect in a similar act passed in 1925, which was held unconstitutional by this court in the case of In re Shirley, 122 Okla. 109, 251 Pac. 736. Section 5 expressly provides that the act shall apply to levies made for the year 1926, and that taxes for that year shall be stricken from the ad valorem assessment rolls and listed for taxes under the act. It occurs to us that it would be unreasonable to hold the act applicable to levies made for the year 1926, and not to those made for the year 1927. Moreover, the act carries the emergency clause, which to our mind is another indication that the Legislature intended it to apply to levies for the year 1927.

The contention of the county that the act is unconstitutional has been decided adversely to it by this court in the following cases: Ex parte Shaw, 53 Okla. 654, 157 Pac. 900; Trustees and Executors v. Hooton, 53 Okla. 530, 157 Pac. 293; In re Harkness' Estate, 83 Okla. 107, 204 Pac. 911.

There being no prejudicial error, the judgment is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.