The Willat Studios and Laboratories, Incorporated, was the owner of certain real and personal property located in the borough of Fort Lee, the taxes upon which were delinquent, by reason of which the tax collector of that borough, at a tax sale held on June 25, 1923, sold that company's realty, which embraced the mortgaged premises in question, to said borough and delivered a certificate of tax sale to it, which was recorded in the clerk's office of Bergen county on June 28th, 1923. The sale was held for the 1921 taxes which were in arrears, although those for 1922 and a part of 1923 were then also delinquent.
By reason of the financial difficulties in which it was involved, the Willat Studios and Laboratories, Incorporated, was unable to pay any part of said taxes. As a result a representative of the present defendant opened negotiations with the borough officials, which culminated in an agreement between them whereby defendant was to take title to said property of Willat Studios and Laboratories, Incorporated, and was to pay the borough the taxes accrued thereon for the years 1921, 1922 and 1923, which was adjusted at $24,749.26, $9,749.26 of which was to be paid in cash, and the balance of $15,000 in five annual installments of $3,000 each, commencing on and with December 1st, 1924, which were to be evidenced by defendant's five promissory notes in favor of said borough, secured by the mortgage in question.
In accordance with said agreement, defendant, on December 1st, 1923, executed and delivered to said borough its five promissory notes and the mortgage above mentioned, and, in return, received from the latter's tax collector tax receipts for the years 1922 and 1923, upon which, however, appeared the notation "paid by check and notes." However, when the first of these notes matured, defendant defaulted in its payment, shortly after which the borough, for a valuable consideration, transferred all of said notes and mortgage, as well as the certificate of tax sale to complainant, Dintenfass.
Thereafter complainant, Dintenfass, attempted to collect from defendant the amount paid out by him for the personal *Page 197 
taxes assessed against the personal property of defendant's grantor, for the years 1921 to 1923, inclusive, and against that of defendant for the years 1924 and 1925, but, by reason of legal barriers, was unsuccessful, after which, upon his application, the borough paid him back the amount which he had paid to it for said personal taxes and took a reassignment of the tax sale certificate. Default having been made in the payment of the other notes, the present bill for the foreclosure of the mortgage in question was filed by complainant, Dintenfass. Upon application as a party in interest, the borough was permitted to join in said suit as a party complainant.
Defendant resists the foreclosure and asks for a dismissal of the bill of complaint, contending that the granting of a decree in favor of complainants would be tantamount to enabling them to thereby indirectly enforce the payment of personal taxes, in a manner other than that prescribed by the Tax act (P.L. 1918 p.883, c.), namely, by distress and sale of defendant's goods and chattels and/or imprisonment, which is the only method prescribed by said act and which is exclusive of all others.
I recognize the force of those decisions which hold that taxes — being in their essential characteristics not a debt, nor founded upon contract, but rather an exaction or obligation imposed upon persons and/or property by the legislative power of the state, in order to raise money for public purposes — cannot be collected in an action of debt. However, the contention of defendant based thereon, is wholly inapplicable to the case at bar, and undoubtedly is the result of defendant's misconception of the theory or nature of the cause of action upon which the bill of complaint is founded.
Suffice is to point out that here complainants neither sue for nor attempt to enforce the payment of personal taxes. On the contrary, their suit is founded upon defendant's express promise and undertaking as set forth in the notes and the mortgage in question, which were voluntarily executed and delivered by defendant to said borough for a valuable consideration. By the terms of these instruments, defendant *Page 198 
clearly and expressly promised and agreed to pay the several sums therein specified. Those obligations were not imposed by virtue of the legislative power of the state nor do they operate ininvitum, as is the case with taxes, but were voluntarily, and for a valuable consideration, created and assumed by defendant pursuant to its express agreement with said borough. As such it is an ordinary contractual obligation or undertaking which the complainants here sue upon and seek to enforce. Clearly complainants are entitled to the aid of this court in enforcing the performance of these obligations on the part of defendant.
Defendant also contends that the agreement between it and the borough, whereby it was to execute and deliver to the latter the mortgage and notes in question as payment for the 1921 to 1923 taxes, inclusive, was ultra vires, because the borough was without power to do so, since the statute does not authorize the borough to accept payment of taxes by anything but cash.
But conceding that to be a fact, it constitutes no defense or bar to complainants' right to enforce payment of the said notes and mortgage, because defendant has received the full benefit of the alleged ultra vires agreement. By reason of said agreement, the right of possession and to the receipt of the rents, issues and profits of the realty, although vested in the borough by reason of its being the holder of the certificate of tax sale, was reserved to the defendant; in addition to this defendant was permitted to pay the taxes assessed against said property for the years 1922 and 1923 in five annual installments, bearing interest at only six per cent. instead of at eight per cent., which was the rate charged on delinquent taxes.
The borough, having in good faith performed its part of said agreement, and the defendant, as above indicated, having received the benefit of said performance, it now comes too late for the defendant to claim or set up the defense that said agreement wasultra vires. Camden and Atlantic Railroad Co. v. Mays Landing,c., Railroad Co., 48 N.J. Law 530; Jersey City v. North JerseyStreet Railway Co., 72 *Page 199 N.J. Law 383; Board of Education of Millville v. Empire StateSurety Co., 83 N.J. Law 293. Nor is such claim or defense available against complainant, Dintenfass, the borough's assignee.
My conclusions are that complainants are entitled to a decree of foreclosure, the respective interests of the complainants herein, as well as the amount due under said mortgage, which, however, is not to include any real or personal taxes accruing or paid after 1923, to be agreed upon between the parties, otherwise same will be determined at the time the decree is submitted to me.