## HOME BUILDING & LOAN ASS'N v. STATE.

No. 20086. Opinion Filed Dec. 8, 1931.

Rehearing Denied March 29, 1932.

Chas. E. Wells, Albert H. Bell, Everest, Dudley & Brewer, John H. Halley, and Stone, Moon & Stewart, for plaintiff in error.

Randall Pitman, Co. Atty., Cutlip & Cutlip, and R. W. Stoutz, for defendant in error.

E. C. Stanard and Leonard Carey, amici curiae, for Federal Savings & Loan Association of Shawnee and Oklahoma City.

Park Wyatt, amicus curiae for Fidelity Building & Loan Association of Shawnee, Okla.

McNEILL, J. This action involves an application made by the tax ferret of Pottawatomie county to spread on the tax rolls of said county omitted personal property for the years 1923 to 1927, inclusive, of the Home Building & Loan Association of Shawnee. Proceedings were had before the county treasurer, who denied the application of the tax ferret. An appeal was thereafter duly filed in the county court of said county, and the county court rendered a judgment against the Home Building & Loan Association of Shawnee, being, in part, as follows:

"It is, therefore, by the court considered, directed. and adjudged that the state of Oklahoma recover of and from the Home Building & Loan Association of the city of Shawnee, on the omitted, taxable personal property of said Home Building & Loan Association for the years 1923, 1924, 1925, 1926, and 1927, the sum of $1,288.22, with

interest at the legal tax rate as aforesaid, and that said amount be by the court clerk of this court certified to J. D. Seay, county treasurer, or his successor in office, for collection as by law provided after spreading the same upon the tax rolls of said office as taxes due and unpaid against said Home Building & Loan Association."

The association regularly brings its appeal therefrom to this court.

It appears from the record that the Home Building & Loan Association was incorporated under the laws of the state of Oklahoma in the year 1922, and at the close of business, December 31, 1922, the secretary of the company prepared and forwarded to the Bank Commissioner a financial statement of the company showing the assets and liabilities of said company, being in part as follows:

Assets

| | |
|---|---|
| Cash on hand | $ 5,704.23 |
| Loans on real estate mortgage security | 23,650.00 |
| Loans on stock certificate security | 136.10 |
| Accounts receivable | 128.77 |

For the year 1923, the association listed for taxation with the county assessor of said Pottawatomie county only $500 cash, and omitted from its assessment list all of its loans on stock certificate securities and its accounts receivable. The same practice was substantially followed as to the other years in question. The state, through its tax ferret, urges that the association never listed for taxation all of its cash or its items of accounts receivable, and its loans on stock certificate securities for each of said respective years.

The association, having submitted its financial statement to the county assessor, who duly made the assessment against said association for said respective years, and having paid the taxes as assessed by the county assessor, contends that it has fully complied with the law.

It is the theory of the association that all of its personal property, excepting its furniture and fixtures specifically designated as subject to taxation by the statute, is exempt from taxation, as such other personal property is embraced within the meaning of the statutory term "exempt shares," issued by a building and loan association. On the other hand, the state, through its tax ferret, urges that all the cash on hand of the association, as well as its loans on stock certificates and its accounts receivable, are subject to assessment for taxation as of January 1st; that the only exemptions from taxation as applied to building and loan associations are its shares of stock and its notes and mortgages given upon real estate.

Statutes exempting property from taxa-

tion are to be strictly construed. Watkins-Glen v. Hager, 252 N. Y. S. 146, Wenner v. Mothersead, 129 Okla. 273, 264 P. 816. Exemptions from taxation are not favored. Board of Com'rs v. Sancomb, 251 N. Y. S. 607. The legislative intent to grant exemption from taxation must be expressed in clear and unambiguous terms or appear by necessary implication from language used. McCallum v. Associated Retail Credit Men of Austin (Tex.) 41 S. W. (2d) 45. "Tax exemptions are never lightly to be inferred." Heiner v. Colonial Trust Co., 48 Sup. Ct. Rep. (U. S.) 65.

Section 5403, C. O. S. 1921, provides:

"The real estate, furniture, fixtures, and all personal property, except as otherwise provided, of mutual building and loan associations, organized and doing business in this state, shall be subject to taxation in the same manner and to the same extent as other like property. The notes and mortgages of building and loan associations chartered, organized, and doing business in this state, under the laws of this state and which are given by the members of such association upon real estate located in the state, and which real estate is subject to taxation under the laws of the state, and the shares issued by a building and loan association loaning its funds to members within this state, shall not be subject to taxation."

This section enumerates what property of a mutual building and loan association is subject to taxation. The words "all personal property," as used therein, mean all the personal property of the mutual building and loan association of every kind and nature, except the exemption referred to, which extends only to "notes and mortgages given by the members of the association upon real estate located in the state," and the shares of stock in the hands of its shareholders.

The building and loan association is an incorporation acting through its agents or officers, having the usual attributes of corporations, and every stockholder is a member thereof, being either an investor or a borrower. The stockholder who subscribes for stock becomes a debtor of the association until the amount subscribed for by him is paid, unless such membership is otherwise legally terminated. It is possible that every share of stock represents a different value and that the face value of the shares issued by the association may amount to many times the money paid to the association on said shares. The membership is not limited to any specific class. It is not confined solely to laborers or individual home owners. The furniture, fixtures, and assets of every kind and nature belonging to

the association should be assessed to it. The shareholder is not assessed as the owner of such property. The shares of the association are not the same as or equivalent to the property of the association, but are a separate and distinct kind of property belonging to the shareholder.

It is urged by the association that, as the shares of stock of the building and loan association are exempt from taxation, the property of the association is likewise exempt. We do not agree with the conclusion. The property of the association is not represented by the shares of stock issued to its members. The shares of stock are simply choses in action, representing the interest of each respective shareholder. There is a difference between the capital stock as applied to corporations generally and as that term is applied to a building and loan association. Thompson, in his work on Building and Loan Associations (2nd Ed.) p. 255, explains this difference as follows:

" 'Capital stock' and 'capital,' in general corporations, are often used interchangeably, and allowably so, because the capital stock represents that much property contributed to the corporation by the shareholders. In building and loan associations the Legislature has authorized the issuance of capital stock which, in contemplation of law, was not only not paid up, but is not intended to be, except by periodical installments and profit accretions. The capital stock in these associations has therefore no significat'on as it has in general corporations. It does not denote the amount of capital contributed."

In the case of People's Loan & Homestead Association v. Keith, 28 L. R. A. 65, the Supreme Court of Illinois, in discussing the general plan and nature of a building and loan associat'on in reference to a statute exempting the stock of building and loan associations as well. as its notes and mortgages from taxation, held such statute unconstitutional, as being violative of the rule of uniformity in taxation required by the Constitution of that state, and said:

"From the provisions of the act, it is manifest that the main object of the corporation is to raise a fund to be loaned to its sto·kholders, and the only substantial difference between a loan made by a corporation of this character and a loan made by any other corporation or individual is that a loan homestead association can loan to no person who is not a member. The person desiring to obtain a loan must first become a stockholder. He is then in a position to obtain a loan. * * * Upon securing the money, the borrower gives the association his note or contract and mortgage to secure the payment of the money received. It is true that the time of payment is not fixed at a day certain, but it is fixed at such a time as the stock held by the borrower in the corporation shall mature. If the borrower fails to comply with the terms of the contract upon which he received the money, the association may foreclose the mortgage in the same manner as any other person holding a debt and mortgage. So far as the nature of the transaction is concerned, it is s'mply a loan of money made by the association, and the note and mortgage executed by the borrower represent a debt due from the borrower to the association for the money loaned. * * * And if the transaction is a loan, and the note or contract and mortgage are to be treated as a credit, upon what principle can it be claimed that a credit of that character should be exempt from taxation, when an ordinary loan evidenced by the same security is not? If a stockholder in an ordinary corporation becomes indebted to the corporation, and in order to secure the indebtedness, he executes his note and mortgage, payable to the corporation, and at the same time assigns his stock as collateral security. the proposition is a plain one that the credit is liable to be assessed in the hands of the corporation for taxes, and the Leg'slature would have no power to exempt such credit from taxation. If we are correct in regard to the case supposed, upon what principle can it be claimed that the note or contract and mortgage given to the homestead association for a loan can be exempted from taxation? The credits in the two cases stand upon an equality, and any rule established which will subject one credit to taxation, and relieve the other, will violate that rule of uniformity in taxation requ'red by section 1 of article 9 of the Constitution. * * *

"It is also claimed in the argument. if the corporat'on is taxed on the obligations it holds against borrowers, the borrowing stockholder will be taxed twice on the same property,—once on the real estate mortgaged, and again on the credit arising from the loan; and the result is double taxation. We do not concur in this view. Where a person owning a farm procures a loan, and mortgages the land, it is subject to taxation as the property of the owner, and the note and mortgage are subject to taxation as a cred't in the hands of the person loaning the money; and, where a loan is procured from a homestead loan association. the borrower and the association occupy a similar position, and if the note and mortgage and the land upon which the mortgage is given are both taxable in the one case, we see no good reason why they should not be in the other. The note (or contract) and mortgage held by a loan association is in no sense a credit of the borrower. but it is a credit belonging to the corporation. If the credit is taxed, the tax falls on the corporation. and not upon the borrower. It is true that a portion of the tax may ultimately fall on the borrower, as a stockholder of the corporation; but that amount, what-

ever it may be, falls upon him as a stockholder, having an investment for profit in a corporation."

It is urged in the briefs that accounts receivable include taxes advanced for borrowers, interest premiums, and interest uncollected. These items are separate and distinct from the note and mortgage given by the borrowing stockholder. The credit created by such items advanced by the association to the borrowing members is assets of the association, and the association, either by express or implied contract, is entitled to be reimbursed for such credits so given. The same is likewise true in reference to loans on stock certificates. These are assets of the association. The association in reference to the negotiation of such loans on stock certificate securities enters into a new contract with the shareholder whereby such shareholder agrees to repay such loan. None of such credits is based upon the original note and mortgage given upon real estate. There is no provision of the statute by which it may be even indirectly inferred that these assets, to wit, cash on hand, loans on stock certificate securities, and accounts receivable as the same existed on January 1st, should be exempt from taxation.

Section 9574, C. O. S. 1921, provides that:

"All property in this state, whether real or personal, including the property of corporations, banks and bankers, except such as is exempt, shall be subject to taxation."

Section 9575, C. O. S. 1921, designates what property shall be exempt from taxation, and under the 17th paragraph states:

"The shares issued by a building and loan association and loaning its funds to members within this state, and the notes and mortgages of building and loan associations doing business in this state under the laws of this state and which are given by the members of such associations upon real estate located in the state and which real estate is subject to taxation under the laws of the state."

Section 9583 provides that:

"Personal property for the purpose of taxation, shall be construed to include: First: All goods, chattels, moneys, credits, and effects. * * *"

Section 9584, provides:

"First: "Money' or 'moneys' shall mean gold and silver coin, treasury notes, bank notes, and other forms of currency in common use, and every deposit which any person owning the same, or holding in trust and residing in this state, is entitled to withdraw in money on demand.

"Second: 'Person' shall include firm, company or corporation. * * *"

In 37 Cyc. 820, it is stated as follows:

"Bonds, mortgages, notes, contracts, accounts receivable, and other forms of intangible personal property belonging to a corporation are taxable to it the same as to a private individual."

To the same effect are the following: Talley v. Brown (Iowa) 125 N. W. 248; Rheinboldt v. Raine (Ohio) 39 N. E. 145; Adams v. Kuykendall (Miss.) 35 So. 830; Adams v. Clark (Miss.) 31 So. 216.

The trial court found that the taxable personal property of the association for the year 1923 was cash on hand in the amount of $5,704.23, and that the association returned for assessment purposes but $500 in cash, upon which taxes were paid, leaving the amount of $5,204.23 in cash as omitted. The court also found, as admitted personal property for said year, loans on stock certificates in the sum of $136.10, and accounts receivable in the sum of $128.77, or a total amount of omitted taxable personal property for said year of 1923 in the sum of $5,469.10, and ordered the same spread upon the tax rolls against said association and the tax thereon collected with interest in the amount of $307.63. For the other years in question the court found that cash, loans on stock certificates, and accounts receivable were omitted; that the same amounted to a total sum of $22,165.13 of personal property omitted from taxation for all of the years in question, upon which the taxes amounted to $1,288.22, all of which was ordered placed upon the tax rolls.

Cash is an item for taxation. Personal property generally must be assessed at its fair market value. Section 8, art. 10, Constitution of Oklahoma.

In the case of Reynolds v. Bowen, 36 N. E. 756, the Supreme Court of Indiana said:

"As for current money, that being itself the measure of value, is always worth its face; so that what is not given in, is omitted. If one has $900 in money on hand, or on call, and he gives in for taxation $700, there is a clear omission of $200."

All of these items, as the same existed on January 1st of each year, to wit, cash on hand, loans on stock certificate securities, and accounts receivable, are in the nature of a credit to the association and each stockholder in a certain measure is interested in these assets by reason of having an investment for profit in this association, but the same are the property of the association, and are not exempt from taxation.

It is urged on behalf of the association that on the 31st day of December of each year, if there are any dividends, the same

are declared and ordered to be distributed to the shareholders, and that the cash on hand on January 1st, or the greater portion thereof, represents these dividends, and that these funds do not belong to the association, but are simply held in trust temporarily for the stockholders, and that very soon after the first day of January they are either paid out in cash to the stockholders or credited to the value of the installment stock, and that, if the association is required to pay a tax on the cash on hand, it would be impossible to pay the dividends contemplated by the association. We see no merit to such contention. Cash on hand on the first day of January of each year should be subject to taxation, and the amount expended for such taxes may be properly added to other legitimate charges and expenses in determining the amount of the dividends to be declared.

In reference to that portion of the judgment adjudging that the state of Oklahoma recover from the House Building & Loan Association on the omitted taxable personal property for the years in question in the sum of $1,288.22, with interest, we are of the opinion that such portion of the judgment is erroneous. It amounts to a personal judgment against the association. Taxes are not debts. City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640. Such taxes cannot be collected as in an action of debt. Dintenfass v. Willett Film Corp. (N. J. Ch.) 154 Atl. 546. The object of section 9801, C. O. S. 1921, is to put the taxable property on the tax rolls. The judgment is modified in so far as the same seeks to grant a personal judgment in favor of the state of Oklahoma and against the association, and the same is in all other respects affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.

### On Petition for Rehearing.

PER CURIAM. It is urged that when a building and loan association has cash on hand on January 1st so much of this amount as may be required to pay its general taxes for such fiscal year should be exempt from taxation.

In the instant case, the cash on hand as of January 1st for each of the years 1923, 1924, and 1925, is taxed at the ad valorem rate. Under section 9719, C. O. S. 1921, taxes are due the first day of November. In this case it is not shown that dividends had been declared prior to the date said taxes became due and payable, nor is it shown that any money had been reserved to pay said taxes which became a liability and which could not be paid prior to the 1st day of January, by reason of the tax rolls not having been completed and delivered to the county treasurer.

The rehearing is denied.