## STATE v. PLANTERS GIN CO.

No. 24779. Nov. 5, 1935.

Rehearing Denied Dec. 24, 1935.

J. Berry King, Atty. Gen., F. M. Dudley, Asst. Atty. Gen., Ralph Hood, Co. Atty., Beckham County, and Tracy & Hendrix, for plaintiff in error.

Melton & Melton, for defendant in error.

GIBSON, J. Plaintiff in error was plaintiff, and defendant in error was defendant in the trial court. They will be referred to herein as they appeared at the trial.

This is a tax ferret proceeding originally commenced before the county treasurer of Beckham county in August, 1932. The purpose of the proceeding, according to the notice served upon the defendant, was to assess certain alleged omitted property belonging to defendant for the years 1910 to 1931, inclusive, and described in said notice as "capital, surplus and undivided profits, cotton, cotton seed, seed cotton, machinery, cash, notes, mortgages, bills receivable, accounts receivable and any other current assets not revealed to the county assessor in making rendition for taxing purposes," and subject to taxation in Beckham county.

Defendant's answer alleged that its principal place of business, as designated by its articles of incorporation, was in Oklahoma City; that all its capital stock had been sold and the proceeds invested in gin properties located in several different counties of the state, and that all its properties had been assessed for ad valorem purposes in each separate county where the properties were located. It is further alleged that the company at all times elected to assess its physical properties, and had never made a return of its moneyed capital, surplus, and undivided profits for taxation.

The plaintiff's reply denied all affirmative allegations of the answer, and alleged that the intent of the assessor and the defendant in making assessments was immaterial to the issues.

From the judgment of the county treasurer declining to assess the alleged omitted property, the state appealed to the county court of Beckham county. At the conclusion of the introduction of plaintiff's evidence in the county court, that court sustained defendant's demurrer to plaintiff's evidence and rendered judgment for defendant.

The case is brought here upon numerous specifications of error. First, it is contended that the court erred in requiring plaintiff to elect which of two remedies it would pursue; that is, whether it wou'd attempt to assess defendant's moneyed capital, surplus and undivided profits or its physical properties. With that contention we agree. The notice served on the defendant in the tax ferret proceeding charged that the defendant had for each of the years 1910 to 1931, inclusive, failed to list for taxation in Beckham county personal property consisting of "capital, surplus and undivided profits, cotton, cotton seed, seed cotton, machinery, cash, notes, mortgages, bills receivable, accounts receivable and any other current assets not revealed to the county assessor," valued in a

large amount for each of the years mentioned. The evidence at the trial developed the facts that the defendant corporation was organized in the year 1909, and that in its articles of incorporation the city of Oklahoma City was designated as the principal place of business of the corporation, and that its articles of incorporation were not amended changing its principal place of business from Oklahoma City to Elk City until the year 1931. When the foregoing facts were developed, the plaintiff was required to make the election above referred to. It was neither necessary nor appropriate to put plaintiff to this election, for when the proof disclosed that defendant's principal place of business was not in Beckham county, it then became apparent that the taxing authorities of that county had no authority to assess defendant's "moneyed capital, surplus and undivided profits."

Section 12369, O. S. 1931, requires that corporations shall be taxed on their moneyed capital, surplus and undivided profits "in the county, town, district or city where such corporation is located, less the assessed valuation of any real estate located in this state." Section 12372, O. S. 1931, requires each corporation to furnish a sworn statement to the assessor "in the county where its principal business is transacted" showing capital, surplus and undivided profits and a list and location and the assessed value of all real estate and tangible personal property. Section 12604, O. S. 1931, provides that when a person is doing business in more than one county, the property and credits existing in any one of the counties are to be taxed in that county; credits not existing in nor pertaining especially to the business in any one county are to be listed and taxed in that county where "his principal place of business may be." This section also provides that bank deposits shall be listed and taxed in the name of the owner in the township, city, town or school district where he resides.

The above-cited statutes provide the exclusive method for the general ad valorem assessment of property belonging to the class of domestic corporation in which the defendant falls.

Section 9730, O. S. 1931, provides that the articles of incorporation of a domestic corporation must designate "the place where its principal business is to be transacted."

It is apparent that the provisions of sections 12369, 12372, and 12604, supra, referring to the location and principal business

situs of the taxpayer, had reference to the principal place of business as designated in the articles of incorporation. Such place so designated is the fixed domicile of the corporation for purposes of taxation, conclusive alike on the corporation and the taxing authorities. (61 C. J. 535, section 650.) That domicile or residence may not be changed by the corporation at will, but must be accomplished as provided by statute. (14 C. J. 340.) Thompson on Corporations (3rd Ed.) vol. 1, sections 569-571.

Section 9732, O. S. 1931, prescribes the method of making such change, that is, by filing amended articles of incorporation with the Secretary of State. The defendant did not amend its articles until January 10, 1931. Hence its capital, surplus and undivided profits were not taxable in Beckham county for any of the years mentioned prior to the date of the amendment of the articles and the change of defendant's domicile.

In Standard Paving Co. v. County Board, 135 Okla. 15, 273 P. 201, we said:

"It will thus be seen that the primary rule under our statutes is the same as at common law; that the property of either a corporation or an individual is prima facie taxable at the legal residence of the owner. In the case of a corporation, its legal residence for general taxation purposes is at its principal place of business"

—and:

"Section 9962, Comp. Stat. 1921 (12372, supra), provides the method of arriving at the value of real and personal property of a corporation for the purpose of assessment and taxation; and also the statute reiterates the general provisions, or rather makes more definite the residence or domicile of the corporation for the purpose of taxation. It fixes the domicile for taxing purposes at the principal place of business of the corporation, which is equivalent to the term, 'where the owner lives or resides,' when used in cases where the taxation of personal property of an individual is involved."

It is stated in 20 C. J., page 521, that "an election can exist only where there is a choice between two or more inconsistent remedies actually existing at the time the election is made." In Tulsa Rig, Reel & Mfg. Co. v. Arnold, 94 Okla. 120, 221 P. 19, in the first syllabus, we said:

"The doctrine of election of remedies applies only where there are two or more remedies existing at the time the election is made."

The trial court therefore erred in requir-

ing the plaintiff to elect between a remedy which it did not have, that is, to assess its moneyed capital, surplus and undivided profits in the years in question prior to the legal removal of defendant's residence to Beckham county, and a remedy which it did have, that is, to assess any physical property or personal property, both tangible and intangible, which had not been assessed for taxation, if, in fact, any such property existed in Beckham county.

The plaintiff next contends that the court erred in striking the evidence offered by it. The evidence includes 33 exhibits of documentary evidence and many pages of oral testimony of witnesses examined in open court. For the most part it was received without objections from the defendant. During the trial and before plaintiff had concluded its evidence, the defendant moved to strike all of the evidence, both oral and documentary, except the exhibits relating to the assessment of omitted property of the defendant, upon the ground that it was incompetent, irrelevant, and immaterial and did not tend to prove omitted property. The motion was sustained and the evidence stricken. This court has uniformly held that a party cannot, after the introduction of evidence, without objection, have it stricken upon motion on the ground that it is incompetent. McKee v. Thornton, 79 Okla. 138, 192 P. 212; News Service v. News Publishing Co. of Enid, 118 Okla. 113, 247 P. 87; Ardmore Mil'ing Co. v. Robinson, 29 Okla. 79, 116 P. 191; Brownell v. Moorehead, 65 Okla. 218, 165 P. 408.

Plaintiff next complains of the court's refusal to render judgment authorizing the assessment of certain promissory notes belonging to the defendant during the years mentioned in the notice of the county treasurer, and in refusing to enter an assessment against the defendant. The county in which defendant's intangible property was subject to taxation depends upon the location of the principal place of business of the defendant. We have hereinbefore held that the principal place of business and the residence or domicile of the defendant corporation was that fixed in its article of incorporation and in its amended articles. In the case of Grieves v. State ex rel. Co. Atty. et al., 168 Okla. 642, 35 P. (2d) 454, this court held:

"* * * In the absence of controlling circumstances to the contrary, the general rule is that the situs of intangible property for the purposes of taxation is at the owner's domicile. * * * In order to constitute a business situs where intangible property is taxable other than the owner's domicile, it must be shown that possession and control of the property has been localized in some independent business or investment away from the owner's domicile so that its substantial use and value primarily attach to and become an asset of the outside business. * * *"

The evidence herein disclosed that the defendant owned a number of cotton gins located in various western counties of this state, and from time to time new corporations were organized for these various gins and stock in the new corporations was sold and notes given for the purchase thereof. Section 12604, O. S. 1931, is as follows:

"When a person is doing business in more than one county, the property and credits existing in any one of the counties are to be listed and taxed in that county; and credits not existing in nor pertaining especially to the business in any one county are to be listed and taxed in that county where his principal place of business may be; provided, that bank deposits shall be listed in the name of the owner in the township, city, town, or school district where he resides. Each individual of a partnership is liable for the taxes due from the firm."

These notes never at any time, so far as the evidence shows, became a part of the defendant's business located at Elk City in Beckham county. They were therefore not subject to assessment and taxation in Beckham county, but were subject to assessment and taxation in the county of residence or domicile of the corporation. Such property and credits as existed and had been localized in Beckham county were subject to assessment and taxation in that county.

Plaintiff next contends that the court erred in refusing to enter an assessment against the defendant for the difference between the assessment and the actual value of defendant's physical property. This question has been decided adversely to the contention of the plaintiff. State v. Cushing Gro. Co., 135 Okla. 186, 274 P. 876; R. C. Jones Cotton Co. v. State, 139 Okla. 212, 282 P. 622; State v. Thompson-Parker Lbr. Co., 173 Okla. 22, 46 P. (2d) 494; State v. Rorabaugh-Brown D. G. Co., 172 Okla. 216, 45 P. (2d) 488.

This is a tax ferret proceeding. In such proceeding property already assessed cannot be revalued or reassessed. For the foregoing reasons, the cause is reversed and remanded, to the county court of Beckham county, with directions for further proceedings not inconsistent with this opinion.

McNEILL, C. J., and RILEY, BUSBY, and CORN, JJ., concur.