### GILMER OIL CO. v. ROSS, County Judge.

No. 27185.   Sept. 29, 1936.

Rehearing Denied Nov. 10, 1936.

Champion, Champion & Fischl, for petitioner.

Robert W. Richards, Co. Atty., and R. W. Stoutz, Associate Counsel, for respondent.

GIBSON, J. This is an original action for prohibition commenced by the Gilmer Oil Company, a Delaware corporation, against Clyde F. Ross, county judge of Carter county.

The order complained of as being in excess of respondent's judicial powers arose out of a tax ferret proceeding in the county court wherein the state was plaintiff and the petitioner herein was defendant. The order, omitting caption, follows:

"This cause coming on to be heard on this the 1st day of May, 1936, being the day regularly set to hear the motion of the plaintiff, State of Oklahoma, to require the defendant Gilmer Oil Company, a Delaware corporation, to cause some officer thereof to appear for examination and to produce for examination and inspection by plaintiff, certain books and papers, more particularly mentioned in said motion which was in writing and is on file in this cause; and it appearing that said motion was regularly served upon the defendant corporation, who filed a motion to quash the same, which motion to quash was heretofore heard by the court and overruled; and it further appearing that the motion filed by the plaintiff state of Oklahoma was filed under the terms of section 136 of the 1931 Code

of Oklahoma Statutes, and that the sole plaintiff is the State of Oklahoma and that the sole defendant is said Gilmer Oil Company, a Delaware corporation; and the parties upon this hearing having had the opportunity to offer such evidence as they cared to offer, and said motion being argued by counsel for the plaintiff and defendant respectively;

"It is hereby ordered, adjudged and decreed by the court, that the defendant Gilmer Oil Company is hereby ordered to bring to the county courtroom in the courthouse at Ardmore, in Carter county, Oklahoma, on the 27 day of May, 1936, at the hour of 11 o'clock a. m., and upon such successive days thereafter as may be necessary, and that the county attorney of Carter county and his associates and assistants in the preparation of this case for trial, have the opportunity to examine and inspect said books and papers, all of the books and papers mentioned in said written motion, a copy of which is attached to this decree for details thereof, and to take such excerpts, copies and memoranda thereof as may be needed for the preparation of this case on the merits;

"It is further ordered, that the defendant corporation have present at such examination and inspection the witness S. J. Hernstadt to identify such books and records and to answer questions regarding the correctness and interpretation of said books and papers and whether they comply in full with this order;

"The parties hereto have leave to conduct such examination and inspection, by mutual consent, at the office of defendant company in Ardmore in Carter county, but with further leave to the parties, in the event of any disagreement between them with respect to such books and papers or the examination thereof or whether proper leave is given to make such examination properly or whether the books and papers so produced fully comply with this order, to apply to this court for further orders concerning the same, the power being reserved to make such other and further orders in the premises as may seem necessary and proper by the court;

"In the event of refusal or failure of the defendant to comply with order, wholly or in part, the plaintiff may apply to the court for further orders and instructions, especially with respect to the consequences of such failure or refusal to visited (sic) upon the defendant therefor.

"Done in open court this the day and year first above written.

"Clyde F. Ross

"Judge of the County Court

"of Carter County, Oklahoma."

Section 136, O. S. 1931, is the purported authority for the foregoing order, and reads as follows:

"It is hereby made the duty of every foreign corporation doing business in the state of Oklahoma, in any action pending in any court of record within the state, wherein the state of Oklahoma, or any of its officers in their official capacity are parties, upon the application of the state or said officers, and upon the order of the presiding judge of said court, authority for which is hereby conferred, upon reasonable· notice, at a time and place within the state to be fixed by said court, to cause to appear for examination and inspection any of its officers, agents, books and papers."

Petitioner seeks the writ upon the theory that the order is void for the following reasons: First, the statute is unconstitutional; second, if the statute is not unconstitutional, it has no application to a ferret proceeding for the reason that such proceeding is not an action but a special proceeding, and said section applies only to actions; and, third, if the statute is constitutional and if it applies to this action, the order is nevertheless void for the reason that it is a blanket order and does not specifically set out the books and records wanted, nor is it limited and restricted, as it must be, to books and records material and competent upon the trial of the cause.

We do not doubt the constitutionality of section 136, supra, but we agree with petitioner that the provisions of the section cannot be applied in an action of this character. This conclusion is reached, however, not upon the theory that the proceeding is not an action within the statutory definition of that term (Anderson v. Ritterbusch, 22 Okla. 761, 98 P. 1002), which question is not necessary for our determination here, but upon the premise that the Legislature intended the statute to apply only in proceedings arising under the state's visitorial and inquisitional powers in connection with the internal management and control of foreign corporations doing business here.

Section 28, art. 2, of the Constitution subjects the records, books, and files of all corporations generally to the visitorial powers of the state. While this reservation of power is not made to apply specifically to domesticated foreign corporations, thus creating a doubt as to its applicability to such corporations (14A C. J. 1327, sec. 4037), the state has the unquestioned· inherent right to exercise such power. That power, where not delegated to commissions (art. 9, Const.), is exercised through the me-

dium of the courts. 14A C. J. 341, sec. 2198. But the courts will not ordinarily assume jurisdiction of such matters in the absence of specific delegation of statutory authority. 14A C. J. 342, sec. 2199. By section 136, supra, the Legislature has made specific delegation of that authority to the courts in cases involving domesticated foreign corporations. In the absence of that statute the courts would be without power of visitation in cases involving foreign corporations doing business here.

The Legislature was aware of this lack of jurisdiction in the courts and sought by that act to bring foreign corporations within the court's visitorial powers. There existed no other apparent reason for the statute. In the ordinary action or legal proceeding the state already possessed, as did any suitor, the right to inspection of records and documents in possession of its adversary under certain specified conditions. Section 317, O. S. 1931 (sec. 4555, Stat. 1903). Apparently, under the provision of such statutes, the jurisdiction of the state court to compel the production of records of a domesticated foreign corporation is not confined to such records as may be found within the state, but such jurisdiction extends beyond the borders of the state to compel the production of the records of such corporation held by it without the state (Hammond Packing Co. v. Arkansas, 212 U. S. 322) ; and due process of law is not denied thereby (Consolidated Rendering Co. v. Vermont, 207 U. S. 541).

Such, we think, was the purpose of section 136, supra. The action therein referred to was intended to include only those actions or proceedings that may arise under the state's visitorial powers, and not an ordinary action wherein the control and management of the internal affairs of the corporation with relation to its corporate duties toward the state are involved.

The right of visitation as defined by the Supreme Court in Guthrie v. Harkness, 199 U. S. 148, is, "A public right existing in the state for the purpose of examining into the conduct of the corporation with a view to keeping it within its legal powers." And it has been said that the purpose of visitation is to supervise, direct and control the management of the corporation. 14A C. J. 341, sec. 2198.

A tax ferret proceeding to assess omitted property for ad valorem taxation could not fall within the foregoing definitions of visitorial power. Such proceeding is clearly not one wherein that power may be invoked.

Failure of the corporation to return its property for ad valorem taxation does not constitute an overstepping of the bounds of its legal powers, nor is it a violation of any law to which it is indebted for its legal existence or right to do business here. Its duty to pay ad valorem taxes is common to all citizens of the state and is not a subject of internal management within the meaning of that term as used in the definition of visitorial powers. The state's remedy in such case and its method of procedure are the same as in cases against any taxpayer.

The order complained of constitutes an excessive exercise of judicial power and demands issuance of the writ as prayed for. It becomes unnecessary for us to determine other questions presented.

Writ granted.

McNEILL, C. J., and BUSBY, PHELPS and CORN, JJ., concur. OSBORN, V. C. J., and RILEY and WELCH, JJ., dissent. BAYLESS, J., absent.