## STATE v. STEPHENSON-BROWNE LBR. COMPANY.

No. 26659. Sept. 14, 1937.

Rehearing Denied Oct. 5, 1937.

620

Bob Shelton, County Atty., and R. W. Stoutz, Associate Counsel, for plaintiff in error.

Melton & Melton, for defendant in error.

GIBSON, J. This is an appeal in a tax ferret proceeding from the county court of Grady county wherein the state, as plaintiff, seeks to assess as omitted property certain assets of the defendant, Stephenson-Browne Lumber Company, a corporation, in the nature of moneyed capital, surplus, and undivided profits consisting of notes, accounts, accounts receivable, bills receivable, cash on hand and in bank, office furniture and fixtures, and all other personal property not heretofore assessed, and of the value of $100,000 for each of the years 1919 to 1931, inclusive.

Defendant demurred to plaintiff's evidence on the different items, except the item of cash, for the respective years, and the demurrers were sustained; and after issues tried as to the cash item, judgment was rendered ordering the assessment of certain cash on hand January 1st of the years 1920 to 1931, inclusive. The plaintiff has appealed.

For each of the years in question defendant made rendition of its assets to the assessor in due time on forms prescribed by section 12372, O. S. 1931, but none of the returns were in detail as to description of the property and the value thereof as directed by said section. Its assets were listed and valued in bulk as moneyed capital, surplus, and undivided profits, and on this value so returned the assessor made the assessment.

It appears from the record that the value so reported and assessed was less than the actual cash value of the assets on hand on the respective assessment days. Plaintiff contends that this excess value constitutes omitted property under the provisions of the ferret statute, and that the court erred in sustaining the demurrers to its evidence.

With the exception of certain items of cash, plaintiff has pointed to no particular asset of the defendant not considered by the assessor when making the annual assessments. It seeks to reassess property already assessed. This may not be accomplished in a ferret proceeding. An assessment of the actual value of property in excess of the value already assessed is unauthorized in such proceeding. This point is discussed in State v. Chickasha Milling Co., 180 Okla. 611, 71 P. (2d) 981, this day decided; and paragraph 6 of the syllabus in that case is adopted as controlling of the question here.

Plaintiff assigns as error the action of the trial court in not ordering the assessment of certain cash on deposit in banks outside the city of Chickasha at points where defendant maintained branch offices. Small amounts of cash were kept on deposit in such banks for use of the managers of the branch offices in the conduct of the business at those places. The record shows that there were deposits in these outside banks on the different assessment days, and there is no evidence that these deposits were assessed.

The foregoing action of the court constituted error. Bank deposits are subject to assessment in the city where the owner thereof resides. Section 12604, O. S. 1931. That section reads as follows:

"When a person is doing business in more than one county, the property and credits existing in any one of the counties are to be listed and taxed in that county; and credits not existing in nor pertaining especially to the business in any one county are to be listed and taxed in that county where the principal place of business may be; provided, that bank deposits shall be listed in the name of the owner in the township, city, town, or school district where he resides."

This section applies to corporations. The domicile of defendant is shown to be at Chickasha. The domicile of a corporation is its residence within the meaning of the foregoing section. See State v. Planters Gin Co., 175 Okla. 386, 52 P. (2d) 710.

Plaintiff next complains of the court's action in excluding from assessment certain deposits set aside by defendant each year for the payment of its ad valorem taxes for the current year. Although taxes are due in November, the county was not prepared in any of the years to accept payment until after the following January. Defendant contends that, since it was unable by no fault of its own to pay taxes before January 1st, the sums set aside for that purpose and remaining on deposit on January 1st should not be taxed.

We think the defendant's contention unsound. The money so excluded by the court from assessment belonged to defendant on assessment day. We are aware of

no sound reason why it should escape taxation. The court erred in not ordering these sums assessed. See Home Building & Loan Ass'n v. State, 156 Okla. 89, 9 P. (2d) 731.

The next assignment is that the court erred in ordering the deposits assessed at 70 per cent. of the amount thereof instead of 100 per cent. for the years 1920 to 1925, both inclusive.

It was shown that the custom in Grady county was to assess other property at 70 per cent, of its actual value. This fact is insufficient to warrant the assessment of cash on deposit at a sum less than the full amount thereof. Cash itself is the measure of value of taxation, and is always worth its face, and that portion not turned in and assessed is omitted. See Home Building & Loan Ass'n v. State, supra. The trial court erred in allowing the foregoing deduction.

Plaintiff alleges error on the part of the court in ordering the deposits taxed at one-fifth of one per cent. for the years 1926 to 1931. Under this assignment the special money tax law, chapter 72, S. L. 1927, secs. 12339-12344, O. S. 1931, is attacked as unconstitutional. This question was determined adversely to plaintiff's contention in the case of In re Diehr, 174 Okla. 300, 50 P. (2d) 725. See, also, State v. Chickash'a Milling Co., 180 Okla. 611, 71 P. (2d) 981.

The trial court did not err in ordering the money assessed at the rate of one-fifth of 1 per cent. for the years 1926 to 1931.

The court erred in overruling plaintiff's motion for new trial relative to the assessment of bank deposits. The judgment is therefore reversed and the cause remanded for a new trial on those issues alone. In all other respects the judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. RILEY, J., absent.