## STATE v. CHICKASHA MILLING CO.

No. 26606.   Sept. 14, 1937.

Rehearing Denied Oct. 5, 1937.

Bob Shelton, County Atty., and R. W. Stoutz, Associate Counsel, for plaintiff in error.

Melton & Melton, for defendant in error.

GIBSON, J. This is a tax ferret proceeding from the county court of Grady county wherein the state, under authority of sections 12346, 12348, O. S. 1931, seeks to assess certain alleged omitted property of the defendant company in the nature of moneyed capital, surplus, and undivided profits as defined in section 12369, O. S. 1931, of the value of $300,000 for each of the years 1921 to 1933, both inclusive. The state and the taxpayer are referred to herein as plaintiff and defendant, respectively. Demurrer to plaintiff's evidence on each item sought to be assessed was sustained, and plaintiff has appealed.

Defendant has moved to dismiss this appeal on the ground that the county court was without jurisdiction to entertain the cause on appeal from the order of the county treasurer in that the statutes authorizing such appeal (sections 12346, 12348, supra) are unconstitutional as a legislative attempt to confer administrative powers upon the courts in violation of section 1, art. 4, Constitution; and for the further reason that section 12, art. 7, Constitution, limiting the jurisdiction of the county court, does not authorize such appeal.

The foregoing question has heretofore been decided adversely to defendant's contention. In Chickasha Cotton Oil Co. v. Grady County, 177 Okla. 240, 58 P. (2d) 590, we held:

"In proceedings to assess omitted property under section 12346, O. S. 1931, the county court exercises purely judicial functions."

Plaintiff first presents for our consideration its assignment of error No. 17, wherein it is asserted that the trial court erred in overruling the motion of plaintiff to direct the defendant to permit plaintiff to examine and take copy of certain portions of defendant's books.

Plaintiff was attempting by this motion to proceed under the provisions of section 317, O. S. 1931, which section reads as follows:

"Either party, or his attorney, may demand of the adverse party an inspection and copy, or permission to take a copy of a book, paper or document in his possession or under his control, containing evidence relating to the merits of the action or defense therein. Such demand shall be in writing, specifying the book, paper or document with sufficient particularity to enable the other party to distinguish it, and if compliance with the demand, within four days, be refused, the court or judge, on motion and notice to the adverse party, may, in their discretion, order the adverse party to give to the other, within a specified time, an inspection and copy, or permission to take a copy of such book, paper or document; and on failure to comply with such order, the court may exclude the paper or document from being given in evidence, or, if wanted as evidence by the party applying, may direct the jury to presume it to be such as the party, by affidavit, alleges it to be. This section is not to be construed to prevent a party from compelling another to produce any book, paper or document when he is examined as a witness."

On the day the appeal was lodged in county court plaintiff made written demand upon defendant for permission to inspect and copy such of its books and papers as would relate to the merits of the cause, and consisting of the balance sheets of defendant as of the first day of January of each year in question; and the ledgers from which said balance sheets were compiled "showing the assets of said company on said dates mentioned, and showing the character and amount thereof on the first day of January of the years hereinabove mentioned; and also all journals and formal vouchers, being and containing the original entries posted into said general ledger or ledgers, showing the kind, character, and location and value, or some of said information, of said assets as of the dates mentioned."

By said written demand plaintiff also sought inspection of other of defendant's records as follows:

"Also the books and/or records of defendant company showing all baled cotton, cotton seed, farm products and other merchandise and personal property, actually situated in Grady county, Okla., in possession or control of the defendant company, on the first day of January of each of the years hereinabove mentioned, whether owned by defendant company, or held by it as agent, trustee, or warehouseman for others claiming to be the owners thereof.

"Also the books and/or records of all baled cotton, cotton seed, farm products and other merchandise and personal property of the defendant company, actually situated in any warehouse or warehouses or other place of storage or keeping in Grady county, Okla., on the first day of January of each, any and every of the years hereinabove mentioned, owned or consigned by the defendant company for itself, or as agent, trustee, bailee or warehouseman for others, which may be claimed by defendant company to be in transit to other points by reason of any supposed delivery to or receipt by any transportation company or agent for any such transportation company."

The foregoing demand was refused by defendant, and thereafter plaintiff filed the motion in question and, after notice to defendant, the court proceeded to hear the motion and denied the same. It appears that at said hearing no evidence was offered by plaintiff in support of the motion to establish the existence of the records and documents therein named or to establish defendant's possession of the same. Neither did plaintiff offer to prove that said records contained any information or competent evidence that would support its own cause of action.

Plaintiff says that the information so demanded would constitute "at least some competent evidence of such values for taxation purposes."

Our attention is called to no decision of this or any other court where one party, upon the theory that he may discover some competent evidence to support his cause or defense, has been permitted to examine promiscuously into the private affairs of his adversary. The statute, section 317, supra, contemplates a regular hearing upon the motion for discovery, with evidence to the satisfaction of the court that the other party possesses that character of evidence mentioned in the statute and material to movant's cause or defense. There must be an actual trial of the issue relative to the materiality of the evidence sought, and the court, on objection, is unauthorized to issue the order in response to the motion in the absence of proper showing. Landon v. Morehead, 34 Okla. 701, 126 P. 1027. There the court, considering the statute in question, held:

"In a proceeding under section 5888, Comp. Laws 1909, to obtain of the adverse party an inspection and copy, or permission to take a copy, of paper or document, it must first be established that such paper or document is in existence, and, if this be shown, that it is in the possession of, or under the control of, said party."

Notwithstanding the plain purport of the court's language in the last cited case to the effect that there must be evidence to support a motion of this character, we think the better view of the matter to be that the order of the court on said motion be accorded the same presumption of correctness as is accorded its final judgments. This is the safer rule, since the motions, under the plain provisions of the statute, are addressed to the legal discretion of the trial court. Therefore, the record should contain a positive showing of an abuse of such discretion before this court would be justified in disturbing the order.

It follows that if the record is silent as to evidence at the hearing, it will be presumed that the court was satisfied with the showing made by the successful party, and an examination by this court into the question of abuse of discretion, so far as the evidence alone is concerned, would be unwarranted.

California's statute, section 1000, Code Civ. Proc., is substantially the same as our section 317, and the courts of that state hold that said statute affords the trial court judicial discretion in passing on applications for inspection of records and documents. Maclay Rancho Realty Co. v. Superior Court (Cal. App.) 254 P. 287. In that case the court said that "All intendments are to be indulged by us in favor of the validity of the trial court's orders." Such is our attitude toward the order in the instant case.

Here there is no record of any evidence had at the hearing on the motion unless it may be said that the motion itself, being verified upon information and belief, constituted some evidence of the existence of the records sought and their contents. We say, however, that in better practice the trial court should require further evidence in addition to the mere statement of the movant founded upon information and belief. See Landon v. Morehead, supra. In that case this court quoted with approval from the case of A., T. & S. F. Ry. Co. v. Burks (Kan.) 96 P. 950, wherein the Kansas court was dealing with a similar question, as follows:

"The facts must be proved in some judicial way before the court is authorized to proceed, and the burden is upon the applicant to make proof. The adverse party need not move until something has been presented which he needs to combat."

This is in accord with the view of the Supreme Court of California. Ex parte Clarke, 126 Cal. 235, 58 P. 546. There the court quoted with approval the following from Morrison v. Sturges, 26 How. Prac. (N. Y.) 179:

"It is not enough that the party believes or is advised that the paper contains material evidence. Facts must be shown to support such belief."

Aside from the foregoing requirements as to evidence, motions of this character must point to specific documents, books, or records which the moving party desires to

inspect. See Pyper v. Jennings (Cal. App.) 191 P. 565. Neither is the litigant authorized to seek nor the court to grant a sweeping order for the production, in dragnet fashion, of all the private records 'and books of account of the adverse party upon the assertion that somewhere in said records evidence helpful to the movant's cause may be found. An examination of the motion in the instant case reveals demands for inspection of such records as may reveal, not only evidence of property belonging to defendant on assessment day, but evidence of the existence of property in the county admittedly belonging to parties not interested in the litigation. In Wallace Bank & Trust Co. v. First Nat. Bank (Idaho) 237 P. 284, 287, the Idaho court, speaking of a demand of this character, had the following to say:

"The motion asked for a general examination of many books and papers which could not be reasonably expected to have any bearing upon the action, or contain evidence relating to the merits. Applicant had no right to a general examination of them to determine which, if any, might contain evidence. The motion is too sweeping and indefinite. It is not sufficient to state a mere legal conclusion that the books and papers contain evidence pertaining to the merits of the action. The court has a discretion to be exercised, and did not abuse its discretion in denying the motion." (Citing authorities from California and other states.)

The California courts refer to a demand of this character as a fishing excursion or expedition (Ex parte Clarke, supra); and to an order granting such demand as a "blanket order." Minteer v. Superior Court (Cal. App.) 59 P. (2d) 578. Such orders are void. Id.

Statutes of this character (section 317) do not contemplate inquisitorial examination of the private papers and records of a corporation or an individual (see Ex parte Clarke, supra). Section 30, art. 2, of the state Constitution protects such parties from unreasonable search and seizure of their private papers' and effects and the courts may not permit an examination thereof in an adversary proceeding without particular description of the paper sought supported by oath or affirmation of the moving party.

Here the motion, in addition to seeking a "blanket order" which if issued would have been void, failed to describe the records desired with that degree of certainty demanded by the aforesaid constitutional provision. In Funkenstein v. Superior Court (Cal. App.) 139 P. 101, the California court, when considering a similar situation, held:

"Under Const. art. 1, sec. 19, providing that the right of the people to be secure in their papers and effects against unreasonable seizures and searches shall not be violated and that no warrant shall issue but on probable cause, supported by oath particularly describing the things to be seized, and Code Civ. Proc. section 1000, authorizing any court to order either party to an action to give the other an inspection and copy, or permission to take a copy of entries in any book or of any document containing evidence as to the merits of the action or the defense therein, it must appear by clear proof, as a condition precedent of the right to require a person to deliver up for examination his private books and papers, that he has a book or document containing evidence material to the issues, and the precise book or document containing such evidence must be so described that it may be identified."

We conclude that the record in the instant case clearly reveals that the trial court in denying the motion properly exercised its judicial discretion vested in it by the statute.

Plaintiff's contention that the Constitution, sec. 28, art. 2, authorizes the inspection desired in this case is without merit. That provision relates to the state's visitorial powers and not to mere adversary proceedings wherein the state may be a party. Gilmer Oil Co. v. Ross, 178 Okla. 125, 62 P. (2d) 76.

In this case the state seeks to 'assess for the years in question certain of the defendant corporation's moneyed capital, surplus, and undivided profits described in the complaint as "accounts, accounts receivable, bills receivable, and all other property which is a part of such moneyed capital, surplus, and undivided profits and was not heretofore assessed, of the value of $300,000 for each of the tax years from 1921 to 1933, both inclusive."

The record shows that defendant made written return of its money capital, surplus, and undivided profits for each of the years in question; that the assessments as made by the assessor were based upon these returns, and both the returns and assessments, instead of specifically describing the property constituting such moneyed capital, surplus, and undivided profits, amounted to what may well be termed a bulk return and assessment for each year. Defendant asserts that these assessments included all the property belonging to it and subject to taxation, and that the property here sought to be as-

sessed was returned to and assessed by the assessor for each year in question.

In proceedings of this character the burden is upon the plaintiff to show that the defendant owned taxable property which escaped taxation, and the value of such property on the particular assessment day. In re Daniel's Omitted Property, 108 Okla. 195, 235 P. 543; Jones Cotton Co. v. State, 139 Okla. 212, 282 P. 622; Chickasha Cotton Oil Co. v. Grady County, 177 Okla. 240, 58 P. (2d) 590; Cortez Oil Co. v. State, 179 Okla. 195, 65 P. (2d) 171.

Plaintiff called as its only witness the president and general manager of the defendant company, who testified that in making the tax returns he used the records of the company as a basis in arriving at the value of all its property; that for some of the years in question the books reflected a greater value of the moneyed capital, surplus, and undivided profits than was returned to the assessor for taxation, and that the amount so returned, and not the sum reflected by the books, constituted the actual cash value of the property.

Plaintiff in effect contends that the foregoing evidence established a greater value in moneyed capital, surplus, and undivided profits than was actually assessed, and that under the decision in State v. Rorabaugh-Brown Dry Goods Co., 172 Okla. 216, 45 P. (2d) 488, a prima facie case was made out, and that the burden was upon defendant to prove that the accounts receivable and other property sought to be taxed were considered by the assessor and included in the assessment as made. Plaintiff says it is not called upon to prove specific items were omitted.

We held in the last-named case that in an action to assess omitted personal property, where the defense is that the property had already been assessed by an arbitrary assessment imperfectly describing the particular property, the burden is upon the property owner to establish the fact that such property was included in said assessment when the same does not clearly show said property to have been included therein. But the rule there stated applies only in cases where the original assessment was made arbitrarily by the assessor, and the property owner contends that the particular property, though imperfectly described, was included therein.

Here we are not considering an arbitrary assessment, but one based upon the return made by the taxpayer. An arbitrary assessment as revealed in the Rorabaugh-Brown Case is one made by the assessor in the absence of, or not based upon, the return of the taxpayer. We have never held that the burden of proof is upon the property owner to establish any material fact in cases of this character where his defense is that the particular property was included in a former assessment based upon his own return filed in due time, although, perhaps, in irregular or imperfect form. There is no circumstance present in the instant case to remove it from the operation of the general rule that the burden is upon the state to establish its case.

With the possible exception of certain items hereinafter named, the state is apparently attempting to reassess what may be termed undervalued property. The above testimony may warrant a suspicion of undervaluation, but it is not evidence that any property was omitted from the assessment roll. A ferret proceeding is not the proper method for reassessing undervalued property. State v. Cushing Grocery Co., 135 Okla. 186, 274 P. 876; State v. Rorabaugh-Brown Dry Goods Co., supra.

The particular items heretofore referred to consisted, first, of certain grain sold and in the process of shipment to purchasers on assessment day. Upon shipment of this grain the defendant would draw drafts through its bank upon the purchasers and credit was immediately given defendant's account for the amount thereof. The evidence is that this grain was carried as an asset on the inventories of defendant on assessment day and was reported to the assessor by the defendant. Since the grain was assessed, the money credited to defendant on the drafts should not be included in its assessment.

Another particular item was grain purchased by representatives of defendant and in process of delivery on assessment day. Payment was made for the grain by drawing drafts on defendant at Chickasha. Plaintiff says that either the grain or the money in bank subject to payment of the drafts constituted assets on assessment day. The evidence is that the grain as soon as purchased was carried on the inventories of defendant company and reported as assets to the assessor.

The money in bank subject to the payment of the drafts drawn by defendant's representatives may have constituted assets in the hands of defendant on assessment day, but since the equivalent in value thereof was reported to the assessor and assessed, none of its moneyed capital, sur-

plus, and undivided profits thereby escaped taxation.

The next item in dispute consists of money on hand and owned by defendant on assessment day in the years 1926 to 1933, both inclusive.

In the years named defendant made a separate return of its money for taxation as authorized by chapter 72, S. L. 1927 (secs. 12339-12344, O. S. 1931), and received deduction of the amount thereof from the valuation of its moneyed capital, surplus, and undivided profits as assessed by the county assessor. The 1927 act was made to apply to the year 1926 and subsequent years (see Smiley v. Smith, 148 Okla. 195, 298 P. 263), and provided for a tax of 1/5 of 1 per cent. on such money.

Plaintiff asserts that said act violates the constitutional provisions relating to taxation, and that all money reported and taxed under its provisions, as well as additional sums allegedly shown to belong to defendant in the years named and not reported, should have been returned and assessed as moneyed capital, surplus, and undivided profits at the regular ad valorem rate.

The constitutionality of the 1927 act has been recently sustained by this court. In re Diehr, 174 Okla. 300, 50 P. (2d) 725. That case fully disposes of plaintiff's contention relative to the constitutionality of the statute.

Plaintiff produced evidence showing that defendant had on hand for each of the years here in question, except the year 1927, more money than was reported by it for taxation under the 1927 statute. The money in question was apparently in the form of cash on deposit. Since cash forms the basis of value for property taxation and its value for that purpose remains fixed at all times, any cash not actually assessed constituted omitted property and therefore subject to assessment in a ferret proceeding. In such case, although some cash may be returned and assessed, an attempt to discover and assess additional sums would not constitute an attempt to revalue and reassess property for taxation.

From the record it appears that plaintiff has established a prima facie case against defendant for the assessment of cash as omitted property for the years 1926 to 1933, both inclusive, except the year 1927. In this respect it was shown that the defendant for each of said years returned for assessment under the 1927 statute certain sums and that its cash on hand on each assessment day was a definite sum in excess of the sum reported, except for the year 1927. The excess clearly constituted omitted property and the same was assessable as money under the provisions of said 1927 act. The trial court erred in sustaining demurrer to plaintiff's evidence in this respect; and to that extent the judgment must be reversed.

The judgment sustaining demurrer to the evidence on the item of omitted money for the years 1926 and 1928 to 1933, both inclusive, is accordingly reversed and the cause is remanded for a new trial on that issue for each of said years. In all other respects the judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. RILEY, J., absent.